UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                    Chapter 7

TRANSCARE CORPORATION, et al.
                                                          Case No.: 16-10407 (SMB)
                        Debtors.                          Jointly Administered
------------------------------------------------------------x

### ORDER GRANTING TRUSTEE'S EX PARTE MOTION FOR AUTHORITY TO FILE COMPLAINT UNDER SEAL

Upon the consideration of the ex parte motion (the "Motion")[1] of Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), by his counsel, Storch Amini PC, seeking the entry of an order (a) authorizing the Trustee to file under seal pursuant to §§ 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") certain information designated as Confidential pursuant to the Court's stipulated confidentiality order (the "Stipulated Confidentiality Order") [Dkt. No. 545] contained within Trustee's proposed complaint (the "Complaint") against Tilton, the Patriarch Entities, Transcendence Transit, Inc., and Transcendence Transit II, Inc. , and (b) directing that unredacted version of the Complaint filed

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

under seal shall remain under seal and not be made available to anyone without the consent of the Trustee and the Patriarch Entities or further order of the United States Bankruptcy Court, Southern District of New York (the "Court"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and the Court having reviewed the Motion; and the legal and factual bases set forth in the Motion having established just cause therefor; and the Court finding that ex parte consideration of the Motion to be appropriate under the circumstances, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The Trustee is authorized to file the Complaint with redactions of the information designated as Confidential pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The filing under seal shall remain under seal and confidential, and no such information shall be made available to anyone, other than as set forth in this Order.

3. Unredacted copies of the Complaint shall be made available by the Trustee, on a confidential basis, only to (i) the Court, (ii) the persons and entities named as defendants in the Complaint (Tilton, the Patriarch Entities, Transcendence Transit, Inc., and Transcendence Transit II, Inc.), and (iii) any other persons and/ or entities as permitted by the Stipulated Confidentiality Order. The unredacted version of the Complaint shall not be made available to the general public.

4. This Order is without prejudice to the rights of any party in interest, including the United States Trustee, to seek to make public any portion of the Complaint filed under seal pursuant to this Order.

5. This Order is without prejudice to the rights of the parties to the Stipulated Confidentiality Order to seek to make public any portion of the Complaint filed under seal pursuant to this Order.

6. The Trustee shall file an unredacted copy of the Complaint with the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of the Court and may not be unsealed until and unless permitted by further order of the Court, and a courtesy copy of the Confidential Information should be provided to Chambers.

7. The Clerk of the Court shall treat the unredacted version of the Complaint as confidential and counsel for the Trustee shall contact the Clerk's Office regarding the return or disposition of the sealed documents within ten (10) days after issuance of a final order with respect to the Complaint. The Trustee shall maintain the unredacted version of the Complaint in their files until the final resolution of any appeals relating to the Complaint.

8. Any party permitted access to the unredacted version of the Complaint shall not share any information contained in such Complaint with any third party, and any party found to have violated these conditions shall be subject to sanctions for violation of this Order.

9. The Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

10. **Notwithstanding the foregoing, the Complaint shall be unsealed on the date first set by the clerk for the initial pre-trial conference unless upon motion by a party in interest, a party demonstrates that the redacted information is confidential. [SMB: 2/22/18]**

**Dated: February 22nd, 2018**
       **New York, New York**

                                              **/s/ STUART M. BERNSTEIN**
                                              **Hon. Stuart M. Bernstein**
                                              **United States Bankruptcy Judge**