# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, *et al.*,[1] | Bankr. Case No. 16-10407-SMB<br>Chapter 7<br>(Jointly Administered) |
| SALVATORE LAMONICA, as Chapter 7 Trustee for the Estates of TransCare Corporation, et al.,<br><br>                Plaintiff,<br><br>                v.<br><br>LYNN TILTON, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, ARK II CLO 2001-1, LIMITED, ARK INVESTMENT PARTNERS II, L.P., LD INVESTMENTS, LLC, PATRIARCH PARTNERS II, LLC, PATRIARCH PARTNERS III, LLC, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC, TRANSCENDENCE TRANSIT, INC., and TRANSCENDENCE TRANSIT II, INC.,<br><br>                Defendants. | **Adv. Case No. 18-1021-smb** |
| SHAMEEKA IEN on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>TRANSCARE CORPORATION, TRANSCARE NEW YORK, INC., TRANSCARE ML, INC., TC AMBULANCE | **Adv. Case No. 16-01033-smb** |

---

[1] The debtors consist of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corporation (collectively, the "Debtors" or "TransCare").

| | |
|---|---|
| GROUP, INC., TRANSCARE MANAGEMENT SERVICES, INC., TCBA AMBULANCE, INC., TC BILLING AND SERVICES CORPORATION, TRANSCARE WESTCHESTER, INC., TRANSCARE MARYLAND, INC., TC AMBULANCE NORTH, INC. AND TRANSCARE HARFORD COUNTY, INC., LYNN TILTON, ARK CLO 2001-1 LIMITED, ARK INVESTMENT PARTNERS II, L.P., PATRIARCH PARTNERS, LLC, and PATRIARCH PARTNERS III, LLC,<br><br>                    Defendants. | |

## **JOINDER IN THE TRUSTEE'S MOTION TO MODIFY SCHEDULING ORDER**

On July 25, 2018, the Court entered an Order setting the close of discovery in the WARN Act adversary (*Ien v. TransCare Corporation, et al.,* Adv. Proc. No. 16-1033) as the same date as the close of discovery in the Trustee's adversary proceeding against Lynn Tilton, Patriarch Partners, LLC and other affiliated entities. That date is October 26, 2018. [Dkt. No. 68] *See* Exhibit A. At the time the deadline was set, the parties indicated "it [would] create efficiencies in the discovery process if this [WARN Act adversary] case is on the same schedule as the adversary filed by the Trustee." *Id*.

There is substantial overlap between the two cases, given the Trustee has alleged a claim for breach of fiduciary duty founded on the creation of WARN liability. In other words, WARN liability is a case within the case for the Trustee. The WARN Plaintiff seeks to show Patriarch Partners, LLC acted as a single employer with its subsidiaries, exceeding the limited bounds of shareholder ownership. The Trustee also seeks to show Patriarch Partners, LLC similarly acted in ways that were inconsistent with its role and duties.

Over the course of the last month, the parties have sought agreement in minimizing deposition time by allowing all parties to attend depositions in both adversaries, scheduling

2

depositions on consecutive days, and permitting the WARN Plaintiff access to documents produced in the Trustee's adversary (many of which are likely relevant to the WARN adversary). The parties have not, as yet, reached final agreement on the terms of this stipulation and, as the Trustee notes, additional time may allow for a more streamlined process for the remainder of discovery.

As the Trustee also indicated, the parties have already scheduled depositions for the first two weeks of November. Further, on September 28, 2018, the Patriarch Defendants produced additional documents to the WARN Plaintiff and indicated they will serve revised interrogatory responses and a privilege log shortly.

The Trustee now seeks an extension of fact discovery to December 17, 2018, along with extensions of all subsequent deadlines. The WARN Plaintiff believes, in light of the above, it would be appropriate for the discovery deadlines and corresponding pre-trial deadlines to be extended in both cases.

Based on the outcome of the Trustee's motion, the WARN Plaintiff will endeavor to confer with Patriarch Partners to seek agreement on an amended scheduling order in the WARN Act adversary which maximizes efficiency without prejudicing the parties.

WHEREFORE, Plaintiff joins in support of the *Trustee's Motion to Modify Scheduling Order* and the relief requested therein.

Dated: October 1, 2018                                    Respectfully submitted,

                                        By: /s/ Jack A. Raisner
                                              Jack A. Raisner
                                              René S. Roupinian
                                              Robert N. Fisher
                                              **OUTTEN & GOLDEN LLP**
                                              685 Third Avenue, 25th Floor
                                              New York, NY 10017
                                              Telephone: (212) 245-1000

Facsimile: (646) 509-2070
E-mail: jar@outtengolden.com
rsr@outtengolden.com
rfisher@outtengolden.com

*Attorneys for Plaintiff and the Certified Class*