Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 30, 2019

**Via Email and ECF**

Honorable Stuart M. Bernstein
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, New York 10004
Bernstein.chambers@nysb.uscourts.gov

Michael T. Mervis
Member of the Firm
d 212.969.3565
f 212.969.2900
mmervis@proskauer.com
www.proskauer.com

Re:  In re TransCare (Case No.: 16-10407 (SMB))
     LaMonica v. Tilton, *et al*. (Adv. Proc. No. 18-1021)

Dear Judge Bernstein:

We represent Defendants in the above-referenced adversary case. We write in response to the Trustee's letter of April 29, 2019 to Your Honor [ECF No. 77] concerning the joint pretrial stipulation. It is true that the Trustee's counsel provided us with a draft on April 4, 2019, and that the deadline to file the joint pretrial stipulation is May 3, 2019. That is the parties' only common ground, however.

As is clear from the email correspondence attached to his letter, the Trustee's counsel has turned an "expectation" that they would receive our comments to the draft last week into a "commitment." Our comments to the draft were delivered yesterday, as were our exhibit list, objections to the Trustee's exhibits and objections and counter-designations for one witness whose testimony will be presented by deposition. We will provide counter-designations and objections for a second witness today. Rather than pick up the telephone to discuss the status and timing, the Trustee's counsel decided – on the eve of a mediation no less – to file an unconstructive and misleading letter. Worse, counsel knew that our principal client contact had been in the hospital with a family member last week, a circumstance that hindered our ability to provide these materials last week as we had hoped.

As the Trustee's counsel indicates in his letter, the draft stipulation counsel provided to us was *56 pages long*. It is evident that the Trustee's counsel had been working on the document for some time before providing it to us. It should not have surprised the Trustee's counsel that it would take us considerable time to respond to their draft. We have worked diligently to do so.

Complicating matters were myriad issues with the Trustee's proposed exhibit list. For example, the list contains numerous partial or otherwise incomplete documents. This required us to expend significant time locating the complete documents or document families to determine whether an objection was necessary or avoidable. The list also contained numerous duplicate (and in some cases triplicate) documents identified with separate exhibit numbers without explanation.

Proskauer

With regard to the mediation, Defendants *did not* "insist" on the May 2 date. Although we will refrain from discussing the details of how and why the mediation was scheduled given its confidential nature, this misrepresentation by the Trustee's counsel is particularly inappropriate.

It is unfortunate that the Trustee opted to try to "score points" by filing an accusatory letter rather than simply calling us on the telephone. Regrettably, that has been the Trustee's *modus operandi* throughout this case. We hope that, if this matter is not resolved through mediation, this behavior will finally stop.

Respectfully submitted,

*/s/ Michael T. Mervis*

Michael T. Mervis

cc: Counsel of Record for the Trustee (via email and ECF)