**PROSKAUER ROSE LLP**
Michael T. Mervis
Timothy Q. Karcher
Eleven Times Square
New York, NY 10036-8299
Tel.: (212) 969-3000

Nicole A. Eichberger (*pro hac vice*)
650 Poydras Street
Suite 1800
New Orleans, LA 70130-6146
Tel.: (504) 310-2024

*Attorneys for Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ***In re*** | Chapter 7 |
| **TRANSCARE CORPORATION, *et al.*,** | Case No. 16-10407 (SMB) |
| **Debtors.** | (Jointly Administered) |
| **SALVATORE LAMONICA, as Chapter 7 Trustee for the Estates of TransCare Corporation, <u>et al.</u>,** | |
| **Plaintiff,** | Adv. Proc. No. 18-01021 |
| v. | |
| **LYNN TILTON, <u>et al.</u>,** | |
| **Defendants.** | |

**DEFENDANTS' AMENDED ANSWER TO CHAPTER 7 TRUSTEE'S AMENDED COMPLAINT**

Defendants Lynn Tilton, Patriarch Partners Agency Services, LLC ("<u>PPAS</u>"), Patriarch Partners, LLC ("<u>Patriarch Partners</u>"), Patriarch Partners Management Group, LLC ("<u>PPMG</u>"), Ark II CLO 2001-1, Limited ("<u>Ark II</u>"), Transcendence Transit, Inc. ("<u>Transcendence Transit</u>")

and Transcendence Transit II, Inc. (together with Transcendence Transit, "Transcendence"),[1] for their Amended Answer to the Amended Complaint ("Complaint") filed in the above-captioned adversary case by Salvatore LaMonica, as Chapter 7 Trustee ("Trustee") of the above-named Debtors (collectively, "TransCare"), state as follows:

1.　　Admit the allegations in paragraph 1 of the Complaint.

2.　　State that the allegations in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.

3.　　Deny the allegations in paragraph 3 of the Complaint.

4.　　Respond to the allegations in paragraph 4 by: (a) admitting that Ms. Tilton is the owner of PPAS, (b) referring the Court to the referenced term loan for its terms, and (c) otherwise denying the allegations in paragraph 4 of the Complaint.

5.　　Deny the allegations in paragraph 5 of the Complaint.

6.　　Deny the allegations in paragraph 6 of the Complaint.

7.　　State that the allegations in paragraph 7 of the Complaint are not directed to Defendants and do not require a response.　To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.　　Admit the allegations in the first sentence of paragraph 8 of the Complaint. Admit the allegations in the second and third sentences of paragraph 8 of the Complaint.　Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 8 of the Complaint.

---

[1] As used herein, the term "Defendants" refers collectively to Ms. Tilton, PPAS, Patriarch Partners, PPMG, Ark II and Transcendence.　As used herein, the term "Entity Defendants" refers collectively to all Defendants except Ms. Tilton.

9.     Respond to the allegations in paragraph 9 of the Complaint by: (a) stating that PPAS, Patriarch Partners, PPMG and Ark II have a principal place of business at 1 Liberty Street, 35th Floor, New York, New York, (b) stating that Transcendence had no headquarters, and (c) otherwise admitting the allegations in paragraph 9.

10.     Respond to the allegations in paragraph 10 of the Complaint by: (a) referring the Court to the referenced Credit Agreement for its terms and denying anything inconsistent with those terms, (b) stating that PPAS has a principal place of business at 1 Liberty Street, 35th Floor, New York, New York, (c) denying that PPAS is a limited liability corporation, and (d) otherwise admitting the allegations in paragraph 10.

11.     Respond to the allegations in paragraph 11 of the Complaint by: (a) stating that Patriarch Partners has a principal place of business at 1 Liberty Street, 35th Floor, New York, New York (b) denying that Patriarch Partners is a limited liability corporation, and (c) otherwise admitting the allegations in paragraph 11.

12.     Respond to the allegations in paragraph 12 of the Complaint by: (a) stating that PPMG has a principal place of business at 1 Liberty Street, 35th Floor, (b) denying that PPMG is a limited liability corporation, and (c) otherwise admitting the allegations in paragraph 12.

13.     Respond to the allegations in paragraph 13 of the Complaint by: (a) admitting that Ark II holds about a 55.7% stock interest in TransCare with its principal place of business in New York City, (b) admitting that Ms. Tilton held 99% of the equity in Ark II, (c) referring the Court to the referenced Credit Agreement for its terms and denying anything inconsistent with those terms, and (d) otherwise denying the allegations in paragraph 13.

14.     Admit the allegations in paragraph 14 of the Complaint.

15.     State that the allegations in paragraph 15 of the Complaint constitute legal conclusions to which no response is required.

16.     State that the allegations in paragraph 16 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 16 of the Complaint.

17.     State that the allegations in paragraph 17 of the Complaint constitute legal conclusions to which no response is required, except deny knowledge or information sufficient to form a belief as to the Trustee's alleged consent.

18.     State that the allegations in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.

19.     Admit the allegations in paragraph 19 of the Complaint.

20.     Admit the allegations in paragraph 20 of the Complaint.

21.     Admit the allegations in paragraph 21 of the Complaint.

22.     Respond to the allegations in paragraph 22 of the Complaint by: (a) referring the Court to the referenced chapter 11 plan for its terms, (b) stating that Tilton was the indirect owner of 51% of TransCare and its sole director during the period of time relevant to this adversary proceeding, and (c) otherwise denying the allegations in paragraph 22.

23.     Respond to the allegations in paragraph 23 of the Complaint by: (a) referring the Court to the referenced chapter 11 plan and referenced Credit Agreement for their respective terms and denying anything inconsistent with those terms, and (b) stating Ms. Tilton was the owner and manager of Ark Investment Partners II, L.P. ("AIP") and held 99% of the equity in Ark II.

24.     Respond to the allegations in paragraph 24 of the Complaint by referring the Court to the referenced Credit Agreement and Security Agreement for their terms and denying anything inconsistent with their terms.

25.     Respond to the allegations in the first sentence of paragraph 25 of the Complaint by referring the Court to applicable loan documents for their terms and denying anything inconsistent with their terms. Deny the allegations in the second sentence of paragraph 25 of the Complaint, except state that during the period of time relevant to this adversary proceeding Ms. Tilton was the sole owner and manager of PPAS.

26.     Respond to the allegations in paragraph 26 of the Complaint by: (a) referring the Court to the referenced Intercreditor Agreement and MTA Contract for their respective terms and denying anything inconsistent with those terms and (b) admitting that, during the period of time relevant to this adversary proceeding, the business conducted under the MTA Contract was TransCare's most profitable one.

27.     Respond to the allegations in paragraph 27 of the Complaint by referring the Court to the referenced Credit Agreement and the amendments thereto and denying anything inconsistent with their terms.

28.     Respond to the allegations in paragraph 28 of the Complaint by referring the Court to the referenced Credit Agreement and other unspecified "contracts" for their respective terms and otherwise denying the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29 of the Complaint.

30.     Respond to the allegations in the first sentence of paragraph 30 of the Complaint by stating that Ms. Tilton (a) owns and manages AIP and (b) owns, and until March 3, 2016 was the collateral manager for Zohar CDO 2003-1, Ltd. ("Zohar I"), Zohar II 2005-1, Ltd. ("Zohar

II") and Zohar III, Ltd. (together with Zohar I and Zohar II, the "Zohar Funds") through March 3, 2016. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 30.

31.     Respond to the allegations in paragraph 31 of the Complaint by stating that TransCare made interest payments pursuant to the terms of the referenced Credit Agreement and otherwise denying the allegations in paragraph 31 of the Complaint.

32.     Respond to the allegations in paragraph 32 of the Complaint by referring the Court to the referenced Credit Agreement and any applicable amendments thereto for their respective terms and otherwise denying the allegations in paragraph 32.

33.     Deny the allegations in paragraph 33 of the Complaint.

34.     Respond to the allegations in paragraph 34 of the Complaint by: (a) referring the Court to the referenced authority matrix for its contents, (b) stating that during the period of time relevant to this adversary proceeding TransCare did not have a Designated Executive or an approved Annual Plan, and (c) otherwise denying the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35 of the Complaint, except state that during the period of time relevant to this adversary proceeding Mr. Stephen was a lawyer employed by Patriarch Partners and, among other things, represented Ms. Tilton in her role as a director of TransCare.

36.     Deny the allegations in paragraph 36 of the Complaint.

37.     Deny the allegations in paragraph 37 of the Complaint.

38.     Respond to the allegations in paragraph 38 of the Complaint by referring the Court to the referenced modification of the Credit Agreement for its terms and otherwise denying the allegations in paragraph 38.

39.     Respond to the allegations in paragraph 39 of the Complaint by: (a) admitting that, during the period of time relevant to this adversary proceeding, TransCare's most profitable business segment was the paratransit business operated under the MTA Contract, and (b) otherwise denying knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.     Respond to the allegations in paragraph 40 of the Complaint by admitting that in February 2015 TransCare's then-CEO, Glenn Leland, claimed that TransCare lacked funds sufficient to make payroll and sought additional lending to TransCare.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Respond to the allegations in paragraph 41 of the Complaint by referring the Court to the quoted correspondence for its full contents.

42.     Respond to the allegations in paragraph 42 of the Complaint by referring the Court to the quoted correspondence for its full contents.

43.     Deny the allegations in paragraph 43 of the Complaint.

44.     Deny the allegations in paragraph 44 of the Complaint.

45.     Respond to the allegations in paragraph 45 of the Complaint by referring the Court to the referenced draft Stabilization Plan for its full contents.

46.     Respond to the allegations in paragraph 46 of the Complaint by referring the Court to the quoted correspondence for its full contents.

47.     Deny the allegations in paragraph 47 of the Complaint, except state that additional funds were loaned to TransCare by the Zohar Funds.

48.     Respond to the allegations in paragraph 48 of the Complaint by referring the Court to the quoted correspondence for its full contents and otherwise denying the allegations in paragraph 48.

49.     Respond to the allegations in paragraph 49 of the Complaint by referring the Court to the quoted correspondence for its full contents and otherwise denying the allegations in paragraph 49.

50.     Respond to the allegations in paragraph 50 of the Complaint by referring the Court to the quoted correspondence for its full contents and otherwise denying the allegations in paragraph 50 and footnote 4.

51.     Respond to the allegations in paragraph 51 of the Complaint by referring the Court to the quoted correspondence for its full contents.

52.     Deny the allegations in the first three sentences of paragraph 52 of the Complaint, except state that TransCare missed payroll on or about July 3, 2015 because Wells Fargo lowered TransCare's funding availability without warning because of purported issues with information provided to Wells Fargo by TransCare executives.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 52.

53.     Respond to the allegations in paragraph 53 of the Complaint by referring the Court to the quoted correspondence for its full contents and otherwise denying the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54 of the Complaint.

55.     Respond to the allegations in paragraph 55 of the Complaint by referring the Court to the referenced letter of intent for its full contents and otherwise denying the allegations in paragraph 55.

56. Respond to the allegations in paragraph 56 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 56.

57. Respond to the allegations in paragraph 57 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 57.

58. Respond to the allegations in paragraph 58 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 58.

59. Deny the allegations in paragraph 59 of the Complaint, except state that additional funds were loaned to TransCare by the Zohar Funds.

60. Deny the allegations in paragraph 60 of the Complaint.

61. Respond to the allegations in paragraph 61 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 61.

62. Deny the allegations in paragraph 62 of the Complaint.

63. Respond to the allegations in paragraph 63 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 63.

64. Respond to the allegations in paragraph 64 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 64.

65. Deny the allegations in paragraph 65 of the Complaint.

66.     Respond to the allegations in paragraph 66 of the Complaint by referring the Court to the referenced correspondence for its full contents.

67.     Respond to the allegations in paragraph 67 of the Complaint by referring the Court to the referenced correspondence for its full contents.

68.     Respond to the allegations in paragraph 68 of the Complaint by referring the Court to the referenced correspondence for its full contents.

69.     Respond to the allegations in paragraph 69 of the Complaint by referring the Court to the referenced correspondence for its full contents.

70.     Deny the allegations in paragraph 70 of the Complaint.

71.     Deny the allegations in paragraph 71 of the Complaint, except state that Ms. Tilton did explore the possibility of selling TransCare and communicated with Wells Fargo about it.

72.     Respond to the allegations in paragraph 72 of the Complaint by referring the Court to the referenced correspondence for its contents and otherwise denying the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73 of the Complaint, except state that Ms. Tilton did explore the possibility of selling TransCare and communicated with Wells Fargo about it.

74.     Deny the allegations in paragraph 74 of the Complaint.

75.     Deny the allegations in paragraph 75 of the Complaint.

76.     Respond to the allegations in paragraph 76 of the Complaint by referring the Court to the referenced correspondence and financial records for their contents and otherwise denying the allegations in paragraph 76.

77.     Respond to the allegations in paragraph 77 of the Complaint by referring the Court to the Ark II Credit Agreement for its terms and otherwise denying the allegations in paragraph 77 of the Complaint.

78.     Admit the allegations in paragraph 78 of the Complaint.

79.     Respond to the allegations in paragraph 79 of the Complaint by referring the Court to the referenced correspondence for its full contents.

80.     Respond to the allegations in paragraph 80 of the Complaint by: (a) denying knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 80, (b) admitting the allegations in the second sentence of paragraph 80, and (c) denying the allegations in the third sentence of paragraph 80.

81.     Admit the allegations in the first sentence of paragraph 81 of the Complaint. Deny the allegations in the second and third sentences of paragraph 81.

82.     Respond to the allegations in paragraph 82 of the Complaint by referring the Court to the referenced P&L statement for its contents and otherwise denying the allegations in paragraph 82.

83.     Respond to the allegations in paragraph 83 of the Complaint by referring the Court to the referenced correspondence for its full contents.

84.     Respond to the allegations in paragraph 84 of the Complaint by: (a) referring the Court to the (i) referenced correspondence for its full contents and (ii) documents related to the Ark II Credit Agreement for their respective terms, and (b) otherwise denying the allegations in paragraph 84 of the Complaint.

85.     Respond to the allegations in paragraph 85 of the Complaint by referring the Court to the referenced Credit Agreement and covenants for their terms and otherwise denying the allegations in paragraph 85.

86.     Admit the allegations in paragraph 86 of the Complaint.

87.     Respond to the allegations in paragraph 87 of the Complaint by: (a) stating that, on February 12, 2016, TransCare executed direction letters dated January 15 and January 29, 2016, and referring the Court to the referenced letters for their contents and (b) otherwise denying the allegations in paragraph 87.

88.     Deny the allegations in paragraph 88 of the Complaint.

89.     Respond to the allegations in paragraph 89 of the Complaint by referring the Court to the referenced correspondence for its full contents and otherwise denying the allegations in paragraph 89.

90.     Respond to the allegations in paragraph 90 of the Complaint by referring the Court to the referenced "plan" and correspondence sent by Mr. Pelissier from a non-Patriarch email address for their full contents and otherwise denying the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91 of the Complaint.

92.     Respond to the allegations in paragraph 92 of the Complaint by: (a) referring the Court to the referenced correspondence for its full contents, (b) denying knowledge or information sufficient to form a belief as to the amount of payroll taxes TransCare owed by February 24, 2019, and (c) otherwise denying the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93 of the Complaint.

94.     Respond to the allegations in paragraph 94 of the Complaint by referring the Court to the referenced court filings for their contents.

95.     Respond to the allegations in paragraph 95 of the Complaint by referring the Court to the referenced documents for their contents and otherwise denying the allegations in paragraph 95.

96.     Respond to the allegations in the first sentence of paragraph 96 of the Complaint by referring the Court to the "Notice of Acceptance of Subject Collateral in Partial Satisfaction of Obligation" for its contents.  Respond to the allegations in the second sentence of paragraph 96 of the Complaint by: (a) stating that during the period of time relevant to this adversary proceeding Ms. Tilton served as TransCare's sole director and (b) denying knowledge or information sufficient to form a belief as to the referenced testimony.

97.     Deny the allegations in paragraph 97 of the Complaint.

98.     Respond to the allegations in paragraph 98 of the Complaint by: (a) referring the Court to the referenced written consent and court filings for their respective contents, (b) denying knowledge or information sufficient to form a belief as to what the Trustee has allegedly discovered, and (c) otherwise denying the allegations in paragraph 98 of the Complaint.

99.     Respond to the allegations in paragraph 99 of the Complaint by referring the Court to the referenced document for its contents and denying that the assets identified in the referenced document were ever ultimately transferred to Transcendence Transit.

100.    Deny the allegations in paragraph 100 of the Complaint, except state that Ark II received proceeds from the post-petition sale of assets.

101.    Respond to the allegations in paragraph 101 of the Complaint by referring the Court to the referenced proofs of claim for their contents.

102. Respond to the allegations in paragraph 102 by: (a) referring the Court to the referenced court filing for its contents, (b) stating that PPAS received $800,000.01 from the Trustee's post-petition sale of assets, and (c) otherwise denying the allegations in paragraph 102.

103. Respond to the allegations in paragraph 103 of the Complaint by stating that Ms. Tilton authorized the referenced chapter 7 filings and otherwise denying the allegations in paragraph 103.

104. Respond to the allegations in paragraph 104 of the Complaint by stating that the quoted language appears in the *Response of Patriarch Partners Agency Services, LLC to Motion for the Entry of an Order, Pursuant to 11 U.S.C. §§ 105 and 721, Authorizing the Chapter 7 Trustee to Operate the Debtors' Business and Pay Certain Operating Expenses of These Estates* [Dkt No. 11] and referring the Court to that filing for its contents.

105. Respond to the allegations in paragraph 105 of the Complaint by referring the Court to the referenced correspondence from Mr. Stephen for its full contents and otherwise denying the allegations in paragraph 105.

106. Respond to the allegations in paragraph 106 of the Complaint by referring the Court to the referenced correspondence from Mr. Pelissier for its full contents and otherwise denying the allegations in paragraph 106.

107. Admit the allegations in the first sentence of paragraph 107 of the Complaint and deny the allegations in the second sentence of paragraph 107 of the Complaint.

108. Ms. Tilton repeats her responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

109. Ms. Tilton states that the allegations in paragraph 109 of the Complaint constitute legal conclusions for which no response is required.

110.     Ms. Tilton denies the allegations in paragraph 110 of the Complaint.

111.     Ms. Tilton denies the allegations in paragraph 111 of the Complaint.

112.     Ms. Tilton denies the allegations in paragraph 112 of the Complaint.

113.     Ms. Tilton denies the allegations in paragraph 113 of the Complaint.

114.     PPAS, Ark II, PPMG and Patriarch Partners repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

115.     PPAS, Ark II, PPMG and Patriarch Partners lack knowledge or information sufficient to form a belief as to what relief the Trustee purports to seek and otherwise deny the allegations in paragraph 115 of the Complaint.

116.     PPAS, Ark II, PPMG and Patriarch Partners deny the allegations in paragraph 116 of the Complaint.

117.     PPAS, Ark II, PPMG and Patriarch Partners deny the allegations in paragraph 117 of the Complaint.

118.     PPAS, Ark II, PPMG and Patriarch Partners deny the allegations in paragraph 118 of the Complaint.

119.     PPAS, Ark II, PPMG and Patriarch Partners lack knowledge or information sufficient to form a belief as to what relief the Trustee requests and otherwise deny the allegations in paragraph 119 of the Complaint.

120.     Ark II repeats its responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

121.     Ark II lacks knowledge or information sufficient to form a belief as to what relief the Trustee purports to seek and otherwise denies the allegations in paragraph 121 of the Complaint.

122.     Ark II denies the allegations in paragraph 122 of the Complaint.

123.     Ark II denies the allegations in paragraph 123 of the Complaint.

124.     Ark II lacks knowledge or information sufficient to form a belief as to what relief the Trustee purports to seek and otherwise denies the allegations in paragraph 124 of the Complaint.

125.     No response is required to paragraph 125 of the Complaint, as it contains no allegations.

126.     The Entity Defendants repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

127.     No response is required to the allegations in paragraph 127 of the Complaint because the Trustee's Sixth Claim for Relief has been dismissed.

128.     No response is required to the allegations in paragraph 128 of the Complaint because the Trustee's Sixth Claim for Relief has been dismissed.

129.     No response is required to the allegations in paragraph 129 of the Complaint because the Trustee's Sixth Claim for Relief has been dismissed.

130.     No response is required to the allegations in paragraph 130 of the Complaint because the Trustee's Sixth Claim for Relief has been dismissed.

131.     PPAS, Ark II and Transcendence repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

132.     PPAS, Ark II and Transcendence deny the allegations in paragraph 132 of the Complaint.

133.     PPAS, Ark II and Transcendence deny the allegations in paragraph 133 of the Complaint.

134. PPAS, Ark II and Transcendence deny the allegations in paragraph 134 of the Complaint.

135. PPAS, Ark II and Transcendence lack knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise deny the allegations in paragraph 135 of the Complaint.

136. PPAS, Ark II and Transcendence lack knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise deny the allegations in paragraph 136 of the Complaint.

137. PPAS, Ark II and Transcendence lack knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise deny the allegations in paragraph 137 of the Complaint.

138. No response is required to paragraph 138 of the Complaint, as it contains no allegations.

139. Defendants repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

140. Defendants deny the allegations in paragraph 140 of the Complaint.

141. Defendants deny the allegations in paragraph 141 of the Complaint.

142. Ark II repeats its responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

143. Ark II responds to the allegations in paragraph 143 of the Complaint by referring the Court to the referenced proof of claim.

144. Ark II lacks knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise denies the allegations in paragraph 144 of the Complaint.

145.     Ark II states that the allegations in paragraph 145 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 145.

146.     Ark II states that the allegations in the first sentence of paragraph 146 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 146.

147.     Ark II states that the allegations in the second sentence of paragraph 147 of the Complaint constitute legal conclusions for which no response is required and that it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.     Ark II states that the allegations in paragraph 148 of the Complaint constitute legal conclusions for which no response is required, except Ark II states that the subject transfers occurred within ninety days of the petition date.

149.     Ark II states that the allegations in paragraph 149 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 149.

150.     Ark II responds to the allegations in paragraph 150 of the Complaint by: (a) stating that it lacks knowledge or information sufficient to form a belief as to what the Trustee purports to request, (b) referring the Court to the referenced 2016 Intercreditor Agreement for its terms, and (c) otherwise denying the allegations in paragraph 150 of the Complaint.

151.     Ark II responds to the allegations in paragraph 151 of the Complaint by: (a) admitting that it has filed claims against TransCare; (b) stating that it lacks knowledge or

information sufficient to form a belief as to what the Trustee purports to seek, and (c) otherwise denying the allegations in paragraph 151 of the Complaint.

152.    Ark II repeats its responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.[2]

153.    Ark II states that no response is required of it to the allegations set forth in paragraph 153 of the Complaint since those allegations are not about or directed to Ark II.

154.    Ark II states that the allegations in paragraph 154 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 154.

155.    Ark II states that no response is required of it to the allegations set forth in paragraph 155 of the Complaint since those allegations are not about or directed to Ark II.

156.    Ark II states that the allegations in paragraph 156 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 156.

157.    Ark II states that no response is required of it to the allegations set forth in paragraph 157 of the Complaint since those allegations are not about or directed to Ark II.

158.    Ark II lacks knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise denies the allegations in paragraph 158 of the Complaint.

159.    Ark II lacks knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise denies the allegations in paragraph 159 of the Complaint.

160.    Ark II lacks knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise denies the allegations in paragraph 160 of the Complaint.

---

[2] The Trustee's Eleventh Claim for Relief has been dismissed as against PPAS.

161.     PPAS repeats its responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

162.     PPAS responds to the allegations in paragraph 162 of the Complaint by referring the Court to the referenced proofs of claim for their contents.

163.     PPAS responds to the allegations in paragraph 163 of the Complaint by referring the Court to the referenced Intercreditor Agreement for its terms.

164.     PPAS responds to the allegations in paragraph 164 of the Complaint by referring the Court to the referenced Intercreditor Agreement for its terms.

165.     PPAS responds to the allegations in paragraph 165 of the Complaint by referring the Court to the referenced Intercreditor Agreement for its terms.

166.     PPAS states that the allegations in paragraph 166 of the Complaint constitute legal conclusions for which no response is required and otherwise denies the allegations in paragraph 166.

167.     PPAS lacks knowledge or information sufficient to form a belief as to what the Trustee purports to request and otherwise denies the allegations in paragraph 167 of the Complaint.

168.     PPAS and Ark II repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

169.     PPAS and Ark II respond to the allegations in paragraph 169 of the Complaint by referring the Court to the referenced Security Agreements for their terms.

170.     PPAS and Ark II respond to the allegations in paragraph 170 of the Complaint by referring the Court to the referenced Security Agreements for their terms.

171.     PPAS and Ark II state that the allegations in paragraph 171 of the Complaint constitute legal conclusions for which no response is required and otherwise deny the allegations in paragraph 171.

172.     PPAS and Ark II, upon information and belief, admit the allegations in the first sentence of paragraph 172 of the Complaint.  PPAS and Ark II state that the allegations in the second sentence of paragraph 172 of the Complaint constitute legal conclusions for which no response is required and otherwise deny the allegations in the second sentence of paragraph 172.

173.     PPAS and Ark II lack knowledge or information sufficient to form a belief as to what the Trustee purports to seek and otherwise deny the allegations in paragraph 173 of the Complaint.

174.     PPAS and Ark II repeat their responses to the allegations in the prior paragraphs of the Complaint as if fully set forth herein.

175.     PPAS and Ark II respond to the allegations in paragraph 175 of the Complaint by referring the Court to the referenced court approved stipulation for its terms.

176.     PPAS and Ark II respond to the allegations in paragraph 176 of the Complaint by referring the Court to the referenced court approved stipulation for its terms.

177.     PPAS and Ark II respond to the allegations in paragraph 177 of the Complaint by referring the Court to the referenced court approved stipulation for its terms.

178.     PPAS and Ark II respond to the allegations in paragraph 178 of the Complaint by referring the Court to the referenced court approved stipulation for its terms.

179.     PPAS and Ark II admit that PPAS received the referenced payment and that said payment was made pursuant to the terms of the referenced stipulation.

180.     PPAS and Ark II respond to the allegations in paragraph 180 of the Complaint by referring the Court to the referenced proofs of claim for their contents and otherwise denying the allegations of paragraph 180 to the extent they imply any form of wrongdoing by PPAS or Ark II.

181.     Upon information and belief, PPAS and Ark II admit the allegations in paragraph 181 of the Complaint.

182.     PPAS and Ark II state that the allegations in paragraph 182 of the Complaint constitute legal conclusions for which no response is required and otherwise deny the allegations in paragraph 182.

183.     PPAS and Ark II deny the allegations in paragraph 183 of the Complaint.

184.     PPAS and Ark II deny the allegations in paragraph 184 of the Complaint.

185.     PPAS and Ark II deny the allegations in paragraph 185 of the Complaint.

## Affirmative Defenses

Defendants assert their Affirmative Defenses to the Complaint as follows:

### First Affirmative Defense

186.     The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

187.     To the extent TransCare transferred any interest in property to or for the benefit of an alleged transferee during the preference period, such transfers were intended by TransCare and such transferee to be contemporaneous exchanges for new value given to TransCare, and the transfers were, in fact, substantially contemporaneous exchanges.  11 U.S.C. § 547(c)(1).

### Third Affirmative Defense

188.    The Trustee's fraudulent conveyance claims are barred, in whole or in part, because each applicable defendant took the challenged transfer for value and in good faith and the debtors received reasonably equivalent value in exchange for the alleged transfers or obligations incurred.  The transfers are thus not avoidable or recoverable as against each applicable defendant(s) under sections 548 and 550 of the Bankruptcy Code.

### Fourth Affirmative Defense

The Trustee's claims are barred, in whole or in part, because he lacks standing to bring them.

### Fifth Affirmative Defense

189.    The Trustee's claims are barred, in whole or in part, on the ground of mootness.

### Sixth Affirmative Defense

190.    The Trustee's claims are barred, in whole or in part, because the Debtors' estate would be unjustly enriched it if were permitted to obtain recovery in this action.

### Federal Rule of Bankruptcy Procedure 7012(b) Statement

To the extent the Trustee's claims are non-core, Defendants do not consent to the entry of final orders or judgment by the Bankruptcy Court with respect to such non-core claim or claims.

WHEREFORE, Defendants demand Judgment:

A.    Dismissing the Complaint with prejudice and in its entirety; and

B.    Awarding Defendants such other and further relief as may be just and proper.

Dated: May 6, 2019

PROSKAUER ROSE LLP

By: *Michael T. Mervis*
    Michael T. Mervis
    Timothy Q. Karcher
    Eleven Times Square
    New York, NY 10036-8299
    Tel.: (212) 969-3000
    Fax: (212) 969-2900
    Email: mmervis@proskauer.com
           tkarcher@proskauer.com

    Nicole A. Eichberger (*pro hac vice*)
    650 Poydras Street
    Suite 1800
    New Orleans, LA 70130-6146
    Tel.: (504) 310-2024
    Fax: (504) 310-2022
    Email: neichberger@proskauer.com
    *Attorneys for Defendants*