UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re:                                                                    Chapter 7

TRANSCARE CORPORATION, et al.
                                                                          Case No.: 16-10407 (SMB)
                                    Debtors.                              (Jointly Administered)

----------------------------------------------------------x

SALVATORE LAMONICA, as Chapter 7
Trustee for the Estates of TransCare                                      Adv. Proc. No. 18-1021
Corporation, et al.,

                    Plaintiff,

         v.

LYNN TILTON, PATRIARCH PARTNERS
AGENCY SERVICES, LLC, PATRIARCH
PARTNERS, LLC, PATRIARCH
PARTNERS MANAGEMENT GROUP, LLC,
ARK II CLO 2001-1, LIMITED,
TRANSCENDENCE TRANSIT, INC., and
TRANSCENDENCE TRANSIT II, INC.
                    Defendants.

----------------------------------------------------------x

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY
OF AN ORDER ALLOWING THE FILING OF DOCUMENTS UNDER
SEAL**

The Plaintiff and Chapter 7 Trustee Salvatore LaMonica (the "Plaintiff") respectfully submits this memorandum of law opposing the above-captioned Defendants' (the "Defendants") Motion for Entry of an Order Allowing the Filing of Documents Under Seal [Dkt. No. 88] (the "Motion"). The Motion was filed without advance notice to the Plaintiff or any notice period, and the Plaintiff is filing this Opposition quickly in order to preserve his rights and protect the estates from unnecessary burdens of time and costs. In short, (i) the Motion will become moot on July 22, 2019, when the public trial in this proceeding starts, (ii) the Joint Pretrial Order [Dkt. No. 85] already discloses publicly the information and certain documents for which the Motion seeks a

sealing order, (iii) many of the affected documents come from the above-captioned debtors' (the "<u>Debtors</u>") own non-confidential records, and (iv) there are no trade secrets at issue in this case and the information within the documents is at least three years' old.  Nevertheless, the Motion states that the Defendants' summary judgment motion, Rule 7056-1 statement, attorney affirmation, and all 121 exhibits thereto will **all** be filed under seal (Motion at p. 2 (defining "Sealed Documents" as all of the summary judgment motion papers and all exhibits annexed thereto).  For these reasons and others described below, the Trustee submits that the Motion must be denied.

## FACTUAL BACKGROUND

1. On December 5, 2017, the Court entered the Stipulated Protective Order Governing Non-Disclosure of Confidential Information [Dkt. No. 545 in Case No. 16-10407] (the "<u>Confidentiality Order</u>") in relation to the discovery sought by the Plaintiff from various Patriarch Partners entities in the above-captioned main bankruptcy case.

2. The Confidentiality Order provided that a person responding to discovery "may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as 'Confidential' or 'Confidential – Attorneys' Eyes Only' if the Party or Non-Party determines, **in good faith**, (i) that such designation is necessary to protect its interests…." [Dkt. No. 545 at § 1 (emphasis added).]

3. The Confidentiality Order also provided that a party "may use or disclose its own documents or information in any manner it sees fit.  This Stipulation shall not prevent or limit the Trustee's ability to review or use for any purpose documents or information within the Debtors' possession, custody or control on or before their respective Petition Dates." [Dkt. No. 545 at § 14.]

4. On February 22, 2018, the Plaintiff filed a Complaint against the Defendants and certain other now-dismissed Patriarch Partners-related entities [Dkt. No. 1]. The Complaint related to the prepetition conduct of the Defendants, certain postpetition conduct relating to the Debtors' operations immediately following the bankruptcy filings, and postpetition transfers of sale proceeds to Defendant Patriarch Partners Agency Services, LLC ("PPAS") [*see* Dkt. No. 1].

5. Because the Defendants had designated a substantial number of documents as confidential, the Plaintiff was required to obtain a sealing order for the Complaint. On February 22, 2018, the Court entered an order authorizing the Plaintiff to file the Complaint under seal and directing that the Complaint would be unsealed as of the first date set for the initial pretrial conference (April 12, 2018) unless a party in interest filed a motion demonstrating that the redacted information was confidential [Dkt. No. 571 in Case No. 16-10407]. No such motion was filed and the Complaint was accordingly unsealed.

6. On July 23, 2018, the Court entered an order providing that the Confidentiality Order would apply in the above-captioned adversary proceeding [Dkt. No. 24].

7. On October 10, 2018, October 17, 2018, October 24, 2018, and October 29, 2018, the Plaintiff took the depositions of Lynn Tilton and other witnesses employed by the Defendants during the matters alleged in the Complaint. The Defendants requested that these depositions be treated as wholly confidential pursuant to the Confidentiality Order, with specific confidentiality designations to be provided shortly after the deposition transcripts were received. No such specific confidentiality designations have ever been received by the Plaintiff.

8. On November 28, 2018, the Plaintiff publicly filed an Amended Complaint against the Defendants covering the same factual time frame as the original Complaint [Dkt. No. 53].

9. On May 14, 2019, the Court entered the parties' Joint Pretrial Order [Dkt. No. 85]. The Joint Pretrial Order contains about ten pages of publicly-filed stipulated facts and over thirty

3

pages of publicly-filed factual contentions, including references to and quotations from the trial exhibits [*see* Dkt. No. 85]. The Defendants never raised confidentiality concerns relating to the Joint Pretrial Order.

10. At the May 14, 2018 final pretrial conference in this adversary proceeding, the Court stated that the July 22-24, 2019 trial would not have "a closed courtroom" and "[t]here are no secret trials." [Dkt. No. 86 at 7:5-15.]

## **ARGUMENT**

11. The Defendants' motion for summary judgment has been noticed for hearing on July 22, 2019 [Dkt. No. 87], at which point most or all of the documents will become public. As most or all of them are listed as trial exhibits and the trial will be conducted publicly, they will become public when the July 22-24, 2019 trial begins. The testimony will likewise be public. The pending trial will render any sealing order moot.

12. Also, the Motion improperly seeks (i) to file under seal the Plaintiff's own non-confidential documents and other documents lacking a confidentiality designation and (ii) to provide them to the Plaintiffs' counsel "on a confidential basis" despite how the Confidentiality Order provides that the Plaintiff can use the Debtors' records "in any manner it sees fit." For example, the deposition transcripts to be filed under seal have not been appropriately designated as confidential as the Defendants have never provided specific confidentiality designations (*see* Exs. 1-4, 6-7, 15, 16, 116 to June 20, 2019 Declaration of Michael T. Mervis [submitted directly to Chambers] ("Mervis Decl.")). As another example, a quick read of the Motion and the summary judgment papers shows that the Defendants seek to file under seal the following documents produced by the Plaintiff:

   a. The Debtors' communications with its lender Wells Fargo (*see id.* at Exs. 25-26, 47, 55, 74, 76);

4

b. The Debtors' communications with third parties (*see id.* at Exs 32, 42);

c. Internal communications within the Debtors (*see id.* at Exs. 22-24, 44);

d. The Security Agreement between TransCare Corporation and PPAS (*see id.* at Ex. 10); and

e. The Debtors' communications with the Defendants (*see id.* at Exs. 30, 54, 72, 77, 78, 83).

13. Furthermore, the Defendants fail to meet their burden to justify a sealing order as their sole claimed basis for filing under seal is that the documents were designated as confidential (*see* Motion at ¶ 15). *See In re Anthracite Capital, Inc.*, 492 B.R. 162, 177 (Bankr. S.D.N.Y. 2013) (denying sealing motion). These documents concern the Debtors' business from three years ago, which business is no longer operating. They do not relate to any trade secrets or the Defendants' internal finances. For example, after a quick read of the Defendants' motion papers, many examples of documents not meriting confidential treatment appear, including but not limited to:

a. Board resolutions issued by TransCare Corporation's board of directors (*see* Mervis Decl. at Exs. 27-29);

b. Contracts entered into by the Debtors:

   i. The publicly-available contract between debtor TransCare New York, Inc. and the New York Transit Authority and amendments thereto (*see* Exhibits 5, 37 to Mervis Decl.) as well as communications between the Defendants and the New York City Transit Authority (*see id.* at Ex. 50);

   ii. The Credit Agreement between TransCare Corporation and PPAS, excerpts of which have already been filed on the docket by both parties (*see id.* at Ex. 8);

iii. The Consulting Agreement between TransCare Corporation and Carl Marks Advisory Group, LLC (*see id.* at Ex. 65);

iv. The Engagement Agreement between the Debtors and their prepetition bankruptcy counsel Curtis, Mallet-Prevost, Colt & Mosle LLP (*see id.* at Ex. 87);

v. The Security Agreement between TransCare Corporation and Defendant Ark II CLO 2001-1, Ltd. (*see id.* at Ex. 69); and

vi. The Loan and Security Agreement between the Debtors and Wells Fargo N.A. and the Intercreditor agreement between Wells Fargo and PPAS (*see id.* at Exs. 11-12);

c. An exhibit appearing to be a transcript containing part of the Plaintiffs' trial testimony within the pending National Labor Relations Board proceeding (*see* Mervis Decl. at Ex. 120);

d. The Notice of Acceptance of Subject Collateral in Partial Satisfaction of Obligation effectuating the February 24, 2016 strict foreclosure (*see id.* at Ex. 112) and related Bill of Sale, Agreement to Pay and Transfer Statement providing for the transfer of the foreclosed assets (*see id.* at Ex. 114); and

e. The Defendants' communications with the Debtors (*see id.* at Exs. 18, 20, 32-36, 38, 40, 45-46, 48-49, 52-53, 73, 75, 82-83, 89, 108), Wells Fargo (*see id.* at Exs. 39, 42, 6-64, 84-86, 94, 99-102, 121), the Debtors' prepetition bankruptcy counsel (*see id.* at Exs. 21, 68, 93 to Mervis Decl.), and Carl Marks (*see id.* at Exs. 66-67, 70).

14. Additionally, most of these documents have already been described publicly and at length within the Joint Pretrial Order [Dkt. No. 85]. The Defendants did not seek – and to date

have not sought – to file the Joint Pretrial Order under seal. For example, the Joint Pretrial Order contained substantial and substantive information about the various contracts and loan documents listed above, the documents above relating to the strict foreclosure, and the communications between the parties and between the Defendants and third parties.

15. Also, a sealing order would impose substantial burdens in time and costs on the Plaintiff and the Debtors' estates. The proposed order provides that the documents filed under seal would be provided to the Plaintiff's undersigned counsel "on a confidential basis," implying that the Plaintiff would need to submit its own opposition papers under seal (apparently even for documents and information obtained from the Debtors' records if they were provided to counsel as part of the unredacted motion papers). Additionally, the Defendants' proposed order is wholly inappropriate to the extent it purports to preclude the Plaintiff's undersigned counsel from sharing any documents or information filed under seal with the Plaintiff or his main counsel.

16. Responding to the Defendants' summary judgment motion by the July 15, 2019 deadline they have set – or 24 days from today – while also filing under seal (and preparing for the public July trial) presents meaningful challenges. The Defendants produced an incredible number of documents with a confidential designation, including documents the Plaintiff intends to use at trial and likely in response to the Defendants' pending summary judgment motion.

17. Finally, it appears that the purpose of this Motion is to shield these proceedings (or at least the more readily accessible filings, if not the trial itself) from being available to the parties in related, pending actions. In particular, there are pending proceedings before this Court brought by the WARN claimants[1] and a five-day trial was held in April and May 2019 before the National

---

[1] *Ien v. TransCare Corp., et al.*, Adv. Proc. No. 16-1033 (Bankr. S.D.N.Y.).

Labor Relations Board in a proceeding that is still pending.[2] It is an inappropriate use of a sealing order to use sealing to enable the Defendants to obtain a litigation advantage over third parties and potentially assert inconsistent positions in different proceedings.

## CONCLUSION

For the foregoing reasons, the Motion should be denied. At a minimum, any sealing order should provide that the Plaintiff's documents cannot be filed under seal and that any documents or information filed under seal can be shared with the Plaintiff and his main counsel.

Dated: New York, New York
June 21, 2019

Respectfully submitted,

*/s/ Bijan Amini*
Bijan Amini
Avery Samet
Jaime B. Leggett
STORCH AMINI PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
Fax: (212) 497-4208
bamini@storchamini.com
asamet@storchamini.com
jleggett@storchamini.com

*Special Counsel to Chapter 7 Trustee Salvatore LaMonica*

---

[2] *In the Matter of Transcendence Transit II, Inc, Transcendence Transit, Inc, Patriarch Partners, LLC, and Patriarch Partners Agency Services, and Local 1181-1061, Amalgamated Transit Union, AFL-CIO*, Case No. 29-CA-182049 (National Labor Relations Board).