**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re:                                          :
                                                :
                                                :
        TRANSCARE CORPORATION, et al.,          :    Chapter 7
                                                :    Case No. 16-10407 (SMB)
                                                :    (Jointly Administered)
                                Debtors.        :
-----------------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7                :
Trustee for the Estates of TransCare            :
Corporation, et al.,                            :
                                                :
                                Plaintiff,      :
                                                :    Adv. Proc. No. 18-1021 (SMB)
                - against -                     :
                                                :
LYNN TILTON, PATRIARCH PARTNERS                 :
AGENCY SERVICES, LLC, PATRIARCH                 :
PARTNERS, LLC, PATRIARCH PARTNERS               :
MANAGEMENT GROUP, LLC, ARK II CLO               :
2001-1 LIMITED, TRANSCENDENCE                   :
TRANSIT, INC., and TRANSCENDENCE                :
TRANSIT II, INC.,                               :
                                                :
                                Defendants.     :
                                                :
-----------------------------------------------------------------x
```

## ORDER GRANTING MOTION OF THE
## DEFENDANTS FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Upon the motion (the "Motion"), dated June 20, 2019, of Defendants pursuant to Sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, for entry of an order (this "Order") (a) authorizing Defendants to file unredacted copies of the Sealed Documents[1] under seal and (b) directing that the Sealed Documents shall remain under seal and not be made available to anyone, except as specifically provided for in this Order; and the Court

---

[1] Capitalized terms used but not specifically defined in this Order have the meaning given to them in the Motion.

1

having subject matter jurisdiction to consider the Motion and to grant the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and venue of this matter and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Defendants are authorized to file unredacted copies of the Sealed Documents under seal.

3. Defendants shall, to the extent they have not already done so, provide unredacted copies of the Sealed Documents to the Court for *in camera* review, and to Storch Amini PC, as counsel to the Trustee, on a confidential basis.

4. All information filed under seal pursuant to this Order shall remain under seal until the Court determines otherwise.

5. Defendants shall submit an unredacted copy of the Sealed Documents to the Clerk of this Court under seal in a separate envelope, clearly indicating that the same have been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York and may not be unsealed until and unless permitted by further order of the Court.

6. The Clerk of the Court shall treat the Sealed Documents as confidential and counsel for Defendants shall contact the Clerk's Office regarding the return or disposition of the Sealed Documents as soon as practicable following the conclusion or dismissal of this adversary proceeding or further order of the Court.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Nothing in this Order prejudices the rights of any party in interest to request the unsealing of the Sealed Documents or any part thereof.

9. Defendants are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2019
      New York, New York

_____
~~HONORABLE STUART M. BERNSTEIN~~
~~UNITED STATES BANKRUPTCY JUDGE~~

## MEMORANDUM ENDORSEMENT AND ORDER

The Court declines to sign this proposed order as the Defendants have failed to demonstrate that the entirety of information in the motion papers, including the 121 exhibits, contains confidential information within the meaning of 11 U.S.C. § 107(b) or should be sealed for some other reason. That the information was produced under a stipulation of confidentiality does not preclude the Court from requiring a "further act by the Parties as precondition to the filing of documents under seal," (*Stipulated Protective Order Governing Non-Disclosure of Confidential Information*, dated Dec. 5, 2017, at ¶ 10 (ECF Main Case Doc. # 545), or provide a basis to seal the information when it becomes part of a judicial record and the parties intend to use the information to support or oppose the relief sought in the adversary proceeding. If the Defendants believe, in good faith, that any item or category of information is confidential, they must demonstrate that fact to the Court.

Furthermore, Court admonished counsel at the final pre-trial conference that the trial would not be conducted in secret, and the information that the Defendants seek to seal is presumably necessary to their defense. In this regard, the trial will begin at 10:00 a.m. on July 22, 2019, and the Court does not intend to delay the start to consider the Defendants' motion for summary judgment noticed for the same time.

So ordered: 6/24/19

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge