**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

Hearing Date: August 11, 2020 at 10:00 a.m.
Objection Deadline: August 4, 2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:

TRANSCARE CORPORATION, et al.,

        Debtors.

Chapter 7

Case No.: 16-10407 (SMB)
(Jointly Administered)

---------------------------------------------------------------x

SALVATORE LAMONICA, as Chapter 7 Trustee
for the Estates of TransCare Corporation, et al.,

        Plaintiff,

   v.

LYNN TILTON, PATRIARCH PARTNERS
AGENCY SERVICES, LLC, PATRIARCH
PARTNERS, LLC, PATRIARCH PARTNERS
MANAGEMENT GROUP, LLC, ARK II CLO
2001-1 LIMITED, TRANSCENDENCE
TRANSIT, INC. and TRANSCENDENCE
TRANSIT II, INC.,

        Defendants.

Adv. Pro. No.: 18-01021 (SMB)

---------------------------------------------------------------x

### NOTICE OF HEARING ON MOTION OF CHAPTER 7 TRUSTEE SEEKING AUTHORITY TO PAY CHICAGO ECONOMICS CORP. IN CONNECTION WITH THE PENDING LITIGATION

**PLEASE TAKE NOTICE** that, in accordance with General Order M-543, a telephonic hearing will be conducted before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Southern District of New York, on **August 11, 2020 at 10:00 a.m.** ("Hearing") on the annexed motion ("Motion") of plaintiff Salvatore LaMonica, as Chapter 7 Trustee ("Trustee") of the jointly-administered estates of TransCare Corporation, et al. (collectively, "Debtors"), by his undersigned general counsel, seeking entry of an Order: (i) authorizing the Trustee to pay Chicago Economics Corp. the total sum of $370,000 in full and final satisfaction of its fees and expenses

1

pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1); and (ii) granting the Trustee such other, further, and different relief as the Court deems just and proper. Parties wishing to appear at, or attend, the Hearing should refer to the Court's guidelines for telephonic appearances and make arrangements with Court Solutions LLC (https://www.court-solutions.com/).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion or the Application must be in writing and be filed, on or before **August 4, 2020** as follows: (i) through the Court's NextGen system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope to the Clerk of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004. A courtesy copy of any filed objection should simultaneously be sent to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge.

Dated: July 17, 2020
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        General Counsel to Plaintiff Salvatore LaMonica, as Trustee

                           By:    *s/ Gary F. Herbst*
                                    Gary F. Herbst, Esq.
                                    A Member of the Firm
                                    3305 Jerusalem Avenue, Suite 201
                                    Wantagh, New York 11793
                                    Telephone: (516) 826-6500

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                     Chapter 7

TRANSCARE CORPORATION, et al.,
                                                                                   Case No.: 16-10407 (SMB)
                    Debtors.                                          (Jointly Administered)
---------------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7 Trustee
for the Estates of TransCare Corporation, et al.,

                    Plaintiff,                                          Adv. Pro. No.: 18-01021 (SMB)

        v.

LYNN TILTON, PATRIARCH PARTNERS
AGENCY SERVICES, LLC, PATRIARCH
PARTNERS, LLC, PATRIARCH PARTNERS
MANAGEMENT GROUP, LLC, ARK II CLO
2001-1 LIMITED, TRANSCENDENCE
TRANSIT, INC. and TRANSCENDENCE
TRANSIT II, INC.,
                    Defendants.
---------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE SEEKING AUTHORITY TO PAY CHICAGO ECONOMICS CORP. IN CONNECTION WITH THE PENDING LITIGATION**

Plaintiff Salvatore LaMonica, as Chapter 7 Trustee ("Trustee") of the jointly-administered estates of TransCare Corporation, et al. (collectively, "Debtors"), by his undersigned general counsel, submits this motion ("Motion") seeking entry of an Order: (i) authorizing the Trustee to pay Chicago Economics Corp. the total sum of $370,000 in full and final satisfaction of its fees and expenses pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1); and (ii) granting the Trustee such other, further, and different relief as the Court deems just and proper.

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein include §§ 105(a) and 363(b) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

4. On February 24, 2016, TransCare Corporation and ten of its affiliates ("Initial Debtors") filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' cases and, by operation of law, is the permanent Chapter 7 Trustee of the Initial Debtors' cases.

5. On April 25, 2016 (the "Additional Petition Date" and, together with the Initial Petition Date, the "Petition Dates"), three additional affiliates of TransCare Corporation (the "Additional Debtors")[1] filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Additional Debtors' cases and, by operation of law, is the permanent Chapter 7 Trustee of the Additional Debtors' cases.

6. Pursuant to Orders of the Court, the Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

---

[1] The Initial Debtors and the Additional Debtors are hereinafter the "Debtors".

7. On February 22, 2018, the Trustee commenced the above-captioned adversary proceeding ("Adversary Proceeding"). In connection with the Adversary Proceeding, the Trustee engaged Chicago Economics Corp. to provide consulting and expert services.

8. By motion dated October 18, 2018, the Trustee, inter alia, sought authority to pay Chicago Economics Corp. an initial fee in connection with its engagement. See ECF No. 41. By Order dated November 2, 2018, the Court, inter alia, authorized the Trustee to pay the sum of $25,000 Chicago Economics Corp. See ECF No. 49. In accordance with the Order, the Trustee paid Chicago Economics Corp. from the TransCare Corporation estate.

9. By motion dated March 13, 2019, the Trustee sought authority to pay Chicago Economics Corp. for additional services performed between October 19, 2018 and November 30, 2018. See ECF No. 66. By Order dated April 9, 2019, the Court authorized the Trustee to pay the sum of $317,695.74 to Chicago Economics Corp. See ECF No. 75. In accordance with the Order, the Trustee paid Chicago Economics Corp. from the TransCare Corporation estate.

10. By motion dated July 16, 2019, the Trustee sought authority to pay Chicago Economics Corp. for additional services performed between December 1, 2018 and May 31, 2019. See ECF No. 114. By Order dated August 5, 2019, the Court authorized the Trustee to pay the sum of $125,913.45 to Chicago Economics Corp. See ECF No. 124. In accordance with the Order, the Trustee paid Chicago Economics Corp. from the TransCare Corporation estate.

11. Between June 1, 2019 and August 15, 2019, Chicago Economics Corp. provided additional valuable services to the Trustee and the Debtors' estates. The Court conducted a multi-day bench trial in this action. Among other things, Chicago Economics Corp. prepared for the trial, travelled to and from the trial, and testified as an expert at the trial on behalf of the Trustee and the

Debtors' estate. Chicago Economics Corp. invoiced the Trustee for these services.[2] The invoices contain time records summarizing the work performed, which ordinarily would not be produced in litigation. Nevertheless, the Trustee will make the invoices available to the Court and the United States Trustee upon request.

12. On July 6, 2020, the Court issued its Post-Trial Findings of Fact and Conclusions of Law. See ECF No. 138. On July 15, 2020, the Court entered Judgment in favor of the Trustee and against defendants Patriarch Partners Agency Services, LLC, Transcendence Transit, Inc. and Transcendence Transit II, Inc., jointly and severally, in the total amount of $45,225,523.29. See ECF No. 141.

## RELIEF REQUESTED AND BASIS FOR RELIEF

13. By this Motion, the Trustee seeks entry of an Order authorizing him to pay Chicago Economics Corp. the total sum of $370,000 in full and final satisfaction of its fees and expenses pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and granting related relief. A proposed Order is annexed as Exhibit A to this Motion.

14. Section 363(b) of the Bankruptcy Code states in relevant part that: "[t]he trustee, after notice and hearing, may use . . ., other than in the ordinary course of business…property of the estate . . . ." 11 U.S.C. § 363(b)(1). Courts in the Second Circuit and elsewhere hold that the sale or use of property outside of the ordinary course of business should be approved where the proponent articulates a sound business justification for the transaction. See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); In re CPJFK, LLC, No. 10-50566-CEC 2011 WL 1257208, at *10-13 (Bankr. E.D.N.Y. Mar. 30, 2011) (adopting the sound business justification standard articulated in Lionel); In re Old Carco LLC,

---

[2] The invoices total $458,448.40. Chicago Economics Corp. has agreed to accept $370,000 in full and final satisfaction of its outstanding invoices.

4

Case No. 09-50002, Doc. 6799 (Bankr. S.D.N.Y., Apr. 5, 2010) (authorizing payment of litigation experts under section 363(b) of the Bankruptcy Code). See also In re St. Joseph Cleaners, Inc., 346 B.R. 430 (Bankr. W.D. Mich. 2006) (noting that a chapter 7 trustee "may use" property of the estate during the administration of the case if there has been prior notice and hearing, pursuant to Bankruptcy Code § 363(b), including by paying administrative expense claimants).

15. Moreover, pursuant to section 105(a) of the Bankruptcy Code, the Court is authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. See 11 U.S.C. §105(a).

16. The Trustee submits that a sound business justification exists to pay Chicago Economics Corp. As set forth above, Chicago Economics Corp. prepared for the trial, travelled to and from the trial and testified as an expert witness at the trial. The services of Chicago Economics Corp. were crucial and necessary to the Trustee's prosecution of this action. Moreover, Chicago Economics Corp. agreed to a reduction.

17. For these reasons, the Trustee respectfully request authority to pay Chicago Economics Corp. from the TransCare Corporation estate.

## NOTICE AND NO PRIOR REQUEST

18. Bankruptcy Rule 6004(a) states in pertinent part that notice of a proposed use of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Bankruptcy Rules 2002(a)(2), (c)(1) and (k). Bankruptcy Rule 2002(a)(2) requires 21 days' notice be given to, inter alia, all creditors of a hearing to consider the proposed use of property of the estate other than in the ordinary course of business.

19. The creditor list in these cases includes over 4,600 parties. To serve all those parties would be unduly burdensome and expensive. The Debtors' cases have been pending for over four

5

years and the Trustee submits that interested persons have already filed notices of appearance. As such, and consistent with prior similar motions filed in this action, the Trustee intends to provide electronic service[3] of this Motion on at least 21 days' notice to: (a) the United States Trustee; (b) the Debtors, through their counsel; (c) the Defendants in this action, through their counsel; (d) all parties who filed a notice of appearance in these cases; (e) Raisner Roupinian LLP, counsel to Shameeka Ien on behalf of herself and all others similarly situated; (f) Chicago Economics Corp.; and (g) applicable taxing and governmental units. The Trustee respectfully requests that the Court find that such service is sufficient and that no further service of the Motion is either necessary or required.

20. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 17, 2020
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
General Counsel to Plaintiff Salvatore LaMonica, as Trustee

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

---

[3] Parties for whom the Trustee does not have an email address will be served by first class mail.