Bijan Amini
Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,
as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>                      Debtors. | Chapter 7<br><br>Case No. 16-10407-smb |
| SALVATORE LAMONICA, as Chapter 7 Trustee for the Estates of TransCare Corporation, et al.,<br>                      Plaintiff,<br><br>    - against -<br><br>LYNN TILTON, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, ARK II CLO 2001-1 LIMITED, TRANSCENDENCE TRANSIT, INC. and TRANSCENDENCE TRANSIT II, INC.,<br>                      Defendants. | Adv. Proc. No. 18-01021-smb |

**NOTICE OF HEARING ON PLAINTIFF'S MOTION FOR ORDER
AUTHORIZING PREJUDGMENT DISCOVERY OF DEFENDANT LYNN TILTON**

PLEASE TAKE NOTICE, that a hearing on the annexed motion of Plaintiff Salvatore LaMonica, as Chapter 7 Trustee, for an order authorizing prejudgment discovery of Defendant Lynn Tilton, pursuant to CPLR 5224 and 5229, made applicable by Rule 64, will be held before the Honorable Stuart M. Bernstein, at the United States Bankruptcy Court or the Southern District

of New York, One Bowling Green, New York, New York 10004, Courtroom 723, on August 13, 2020, at 10:00 a.m.

PLEASE TAKE FURTHER NOTICE, that pursuant to General Order M-543, Court Operations under the Exigent Circumstances Created by Covid-19, the hearing will be conducted telephonically through Court Solutions. Parties wishing to make a "live" telephonic appearance must receive permission from Chambers prior to registering with Court Solutions. Parties seeking such permission must e-mail a request to bernstein.chambers@nysb.uscourts.gov, providing the name of the party being represented and the motion being argued.

PLEASE TAKE FURTHER NOTICE, that pursuant to Local Bankruptcy Rule 9006-1, answering papers must be served at least seven days before the above hearing date.

Dated: July 23, 2020

AMINI LLC

/s/ Bijan Amini
Bijan Amini
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica, as Chapter 7 Trustee*

Bijan Amini
Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,*
*as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>                        Debtors. | Chapter 7<br><br>Case No. 16-10407-smb |
| SALVATORE LAMONICA, as Chapter 7 Trustee for the Estates of TransCare Corporation, et al.,<br>                        Plaintiff,<br><br>       - against -<br><br>LYNN TILTON, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, ARK II CLO 2001-1 LIMITED, TRANSCENDENCE TRANSIT, INC. and TRANSCENDENCE TRANSIT II, INC.,<br>                        Defendants. | Adv. Proc. No. 18-01021-smb |

### PLAINTIFF'S MOTION FOR ORDER AUTHORIZING
### PREJUDGMENT DISCOVERY OF DEFENDANT LYNN TILTON

Plaintiff Salvatore LaMonica, as Chapter 7 Trustee, hereby moves for an order authorizing prejudgment discovery of Defendant Lynn Tilton, pursuant to CPLR 5224 and 5229, made applicable by Rule 64, and states:

1.  CPLR 5229 provides:

    **Enforcement before judgment entered**

    In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment.

2.  CPLR 5229 applies by operation of Rule 64, which permits courts to grant certain provisional remedies in accordance with state law. *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1074-76 (S.D.N.Y. 1996); *see also* Siegel, N.Y. Prac. § 516 (6th ed.) ("CPLR 5229 applies in federal practice, too").

3.  "CPLR 5229 is properly invoked where [as here] there is some time between a decision and the judgment." *Loew v. Kolb*, No. 03-cv-5064, 2003 WL 22077454, at *2 (S.D.N.Y. Sept. 8, 2003).

4.  "Other than having a received a favorable verdict or decision, there are no prerequisites to obtaining the relief provided in CPRL 5229." *Sequa*, 921 F. Supp. at 1076.

5.  The Post-Trial Findings of Fact and Conclusions of Law (ECF Doc. #138, "<u>PFC</u>") is a qualifying decision. The term "decision" as used in the statue is not defined; however, if an un-confirmed arbitration award suffices (*see Loew*, 2003 WL 22077454, at *2), so too should the PFC, which actually directed that claims against certain affiliates of Ms. Tilton be reduced to judgment. CPLR 5229 expressly provides that it is "the trial judge", who entered the PFC, that determines whether to grant a motion for relief under CPLR 5229. Further, the PFC (at p.3, n.1) describes itself as a "decision."

6.  "There is no requirement that the moving party make a preliminary showing that defendant is disposing of assets," to qualify for relief under CPLR 5229. *Leser v. U.S. Bank N.A.*,

No. 09-cv-2362, 2013 WL 867153, at *1 (E.D.N.Y. Feb. 21, 2013) (citations omitted). *See also* Siegel, N.Y. Prac. § 516 (6th ed.) (similar).

7. Nevertheless, out of an abundance of caution Plaintiff submits that the disclosure sought by Plaintiff is warranted, because considerable uncertainty exists as to the collectability of Plaintiff's anticipated judgment against Ms. Tilton. *See Berg v. Au Café Inc.*, No. 108437/2005, 2009 WL 1905143, at *2 (Sup. Ct. N.Y. Co. June 24, 2009) (granting relief where there were questions regarding "the collectability of the judgment"); *Gallegos v. Elite Model Management Corp.*, 1 Misc. 3d 200, 768 N.Y.S. 2d 134 (Sup. Ct. N.Y. Co. Aug. 13, 2003) (similar).

8. Here, collectability issues are presented given the sheer amount of the potential judgment, $41.8 million before accounting for over four years' worth of prejudgment interest. Moreover, it is no secret that Ms. Tilton has been engaged in sprawling litigation with the investors and creditors to the Zohar Funds for over a decade. *E.g.*, *MBIA Ins. Corp. v. Patriarch Partners VII, LLC*, 950 F. Supp. 2d 568 (S.D.N.Y. 2013) (action commenced April 3, 2009). Two of the Zohar Funds, owned by Ms. Tilton, but now under the control of a trustee, are themselves in bankruptcy, and just four months ago, Ms. Tilton filed papers in those proceedings representing that she did not expect to either receive a distribution from those sales or even bid on the portfolio companies owed by the Zohar Funds: "Ms. Tilton remains substantially concerned that Debtors' proposed timeline and process will result in artificially depressed values for the PCs [portfolio companies] [and] does not currently intend to bid for any of the PCs." (No. 18-bk-10512 (Bankr. D. Del. Mar. 26, 2020), ECF Doc. #1528.)[1]

---

[1] That an extraordinary number of court filings have been sealed or redacted, ostensibly on the ground that they constitute commercial information, does not allay Plaintiff's concerns. Further, the Zohar Funds have two outstanding actions against Ms. Tilton, one pending in the Bankruptcy Court (No. 20-ap-50534) (wherein the complaint is fully sealed) and the other pending in the United States District Court for the Southern District of New York (No. 17-cv-307), which

9. Given the above-described uncertainty, Plaintiff has a duty to exercise remedies available under the Rules now, so that if necessary, he can either seek pre-judgment restraints, or quickly execute on Ms. Tilton's property immediately following entry of judgment by the District Court, so that he can preserve asserts for the Debtors' estates. *See*, *e.g.*, *In re USA United Fleet Inc.*, 496 B.R. 79, 83 (Bankr. E.D.N.Y. 2013) ("A Chapter 7 trustee is duty bound to use the tools provided by the Bankruptcy Code to marshal and liquidate estate assets to achieve the highest possible return to creditors").

10. As a result, Plaintiff seeks visibility into inter alia proceeds of insurance policies (including D&O liability policies) available to satisfy a judgment against Ms. Tilton, assets of Ms. Tilton that are available to satisfy a judgment and liens, encumbrances and competing claims against those assets.

11. Plaintiff submits that the Court has authority to order the relief requested, notwithstanding that it only recommended judgment against Ms. Tilton in the PFC, because CPLR 5229 contemplates "the trial judge" entering an order on a motion for relief under the statute, and it is the Bankruptcy Court not the District Court that conducted the trial herein. If the Court determines it lacks authority to order the relief requested, Plaintiff requests that the Court enter a report and recommendation that the relief sought herein be granted by the District Court, as in *Leser*, where following a jury verdict the Magistrate Judge entered a report and recommendation, recommending relief under CPLR 5229 that was adopted by the District Judge two weeks later (No. 09-cv-2362 (E.D.N.Y.), ECF Doc. #213-15).

---

naturally presents the possibility of competing claims for Ms. Tilton's non-exempt assets, putting aside the associated WARN adversary proceeding.

4

WHEREFORE, the Court should authorize prejudgment discovery of Ms. Tilton, pursuant to CPLR 5224 and 5229, and grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: July 23, 2020

AMINI LLC

/s/ Bijan Amini
Bijan Amini
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica, as Chapter 7 Trustee*