**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re: :
 :
 :
 TRANSCARE CORPORATION, et al., : Chapter 7
 : Case No. 16-10407 (SMB)
 : (Jointly Administered)
 Debtors. :
----------------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7 :
Trustee for the Estates of TransCare :
Corporation, et al., :
 :
 Plaintiff, :
 : Adv. Proc. No. 18-1021 (SMB)
 - against - :
 :
LYNN TILTON, PATRIARCH PARTNERS :
AGENCY SERVICES, LLC, PATRIARCH :
PARTNERS, LLC, PATRIARCH PARTNERS :
MANAGEMENT GROUP, LLC, ARK II CLO :
2001-1 LIMITED, TRANSCENDENCE :
TRANSIT, INC., and TRANSCENDENCE :
TRANSIT II, INC., :
 :
 Defendants. :
 :
----------------------------------------------------------------x

### OBJECTION TO PLAINTIFF'S MOTION FOR ORDER AUTHORIZING PREJUDGMENT DISCOVERY OF DEFENDANT LYNN TILTON

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT BACKGROUND ................................................................................................. 3

LEGAL STANDARD ................................................................................................................ 3

ARGUMENT .............................................................................................................................. 5

    A.    The Trustee Has Not Established That The Court Has The Jurisdiction To Grant The Motion. ................................................................................................ 5

    B.    The PFC is Not a "Verdict or Decision" that Could Support § 5229 Relief. ............... 6

    C.    In Any Case, The Trustee Gives No Credible Reason For The Relief Sought........... 10

CONCLUSION ......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Brit. Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*,
    600 B.R. 890 (Bankr. S.D. Fla. 2019) ...................................................................................5

*In re Lehman Bros. Holdings, Inc.*,
    18-CV-8986-VEC, 2019 U.S. Dist. LEXIS 77997 (S.D.N.Y. May 8, 2019) ..........................6

*In re Windstream Holdings v. Charter Comm'ns. Inc.*,
    Case No. 19-22312, Adv. Pro. No. 19-08246, 2020 Bankr. LEXIS 468 (Bankr.
    S.D.N.Y. Feb. 19, 2020) ..........................................................................................................5

*Loew v. Kolb*,
    03-CV-5064, 2003 U.S. Dist. LEXIS 15628 (S.D.N.Y. Sept. 5, 2003) ............................7, 8, 9

*Sequa Capital Corp. v. Nave*,
    921 F. Supp. 1072 (S.D.N.Y. 1996) ........................................................................................4

*Trs. of the Local 8A-28A Welfare Fund v. Am. Grp. Adm'rs*,
    14-CV-1088, 2017 U.S. Dist. LEXIS 1149355 (E.D.N.Y. Sept. 13, 2017) .............................4

*Unex, Ltd. v. Arsygrain Int'l Corp.*,
    102 Misc. 2d 810 (N.Y. Sup. Ct. 1979) .......................................................................... passim

*Whale Sq. Fire Litig. Greyhound Exhibitgroup, Inc. v. Elul Realty Corp.*,
    CV-88-3039, 1992 U.S. Dist. LEXIS 14353 (E.D.N.Y. May 13, 1992) ................................11

**STATUTES**

9 U.S.C. § 1 ......................................................................................................................................8

9 U.S.C. § 10 ....................................................................................................................................8

28 U.S.C. § 157(c)(1) ..................................................................................................................1, 5

28 U.S.C. § 157(d) ...........................................................................................................................5

CPLR § 5222 ..................................................................................................................................11

CPLR § 5229 ........................................................................................................................... passim

CPLR § 5519(a)(2) .........................................................................................................................11

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7064 ............................................................................................................3

Fed. R. Bankr. P. 9033(a) ...............................................................................................2, 3, 5

Fed. R. Bankr. P. 9033(b) ........................................................................................................3

Fed. R. Bankr. P. 9033(d) ...........................................................................................2, 3, 6, 7

Fed. R. Civ. P. 62(a) .............................................................................................................11

Fed. R. Civ. P. 62(b) .............................................................................................................11

Fed. R. Civ. P. 64 ....................................................................................................................3

6 Weinstein , Korn & Miller, N.Y. Civ. Prac. ¶ 5229.04 (2020) ........................................4

Siegel, N.Y. Prac. § 516 (6th ed.) (McKinney's 2020) ...........................................................3

Defendant Lynn Tilton ("Tilton") respectfully submits this objection to *Plaintiff's Motion for Order Authorizing Prejudgment Discovery of Defendant Lynn Tilton* (the "Motion" or "Mot.") [ECF No. 144], filed by Plaintiff Salvatore LaMonica (the "Trustee").

## PRELIMINARY STATEMENT

1. The Trustee's Motion is an exercise in remarkable overreach, asking the Court to permit invasive and expansive prejudgment discovery of a defendant based only on *proposed* findings of fact and conclusions of law, which will be subject to *de novo* review and are to be afforded no deference by the District Court, and thus may never result in entry of a judgment.

2. New York Civil Practice Law and Rules ("CPLR") § 5229 provides a prejudgment avenue for a plaintiff to take certain measures to protect a monetary award rendered in a "verdict or decision" before a judgment is entered, where entry of judgment is slated to occur as "a matter of course." *Unex, Ltd. v. Arsygrain Int'l Corp.*, 102 Misc. 2d 810, 812 (N.Y. Sup. Ct. 1979). Here, the Trustee asks this Court to engage in an unprecedented expansion of state and federal law. The Motion should be denied for three reasons.

3. *First*, the Trustee asks the Court to enter an order granting relief on a *non-core* claim against a non-consenting defendant where, as here, the Court has only issued proposed findings of fact and conclusions of law on the non-core claim following trial and the District Court has yet to act on (or even receive) them. The Trustee's request raises a serious question regarding the Court's authority to grant the Motion in the face of 28 U.S.C. § 157(c)(1), and the Trustee acknowledges as much by asking the Court, as an alternative to the primary relief he seeks, to recommend to the District Court that *it* enter an order granting the relief he seeks. It also does not appear CPLR § 5229 was enacted—or has ever been applied in New York state practice—to grant

relief on the basis of *proposed* findings. The Trustee's request for an unprecedented expansion of state and federal law to obtain premature relief is improper.

4. *Second*, the Trustee asks this Court to stretch "verdict or decision" under CPLR § 5229 to what he concedes is merely a "recommended judgment" (*i.e.*, this Court's *Post-Trial Findings of Fact and Conclusions of Law* [ECF No. 138] (the "PFC")). Mot. ¶ 11. To our knowledge, no court has ever applied CPLR § 5229 to *proposed* findings of fact and conclusions of law that support a *recommended* judgment following a Bankruptcy Court's trial of a non-core claim, as the Trustee urges here. And for good reason: the PFC is subject to *de novo* review by the District Court, and even the possible taking of additional evidence under Federal Rule of Bankruptcy Procedure 9033(d), and is therefore far from certain to result in a judgment.

5. *Third*, the Motion is unwarranted because no case has been presented that there is a need for the relief sought. The Trustee expresses claimed concern over the collectability of the Court's recommended judgment and says he seeks relief under § 5229 out of "an abundance of caution." Mot. ¶ 7. But the remedy provided by § 5229 is an "unusual" one—"the right to invoke some of the postjudgment enforcement proceedings in advance of the entry of judgment"—and it is not to be invoked lightly. *Unex*, 102 Misc. 2d at 811. An "abundance of caution" is hardly a basis for the imposition of such an unusual remedy, resulting in invasive and expansive discovery into personal financial matters, particularly in the absence of factually relevant case law. While the primary basis for the Trustee's asserted collectability concerns is Tilton's involvement in other litigations, the Trustee fails to point to any case that supports a grant of relief under § 5229 on that basis. And in any event, the Motion is premature in that it would permit the Trustee to proceed with enforcement mechanisms prejudgment that could be stayed by the judgment debtor posting a bond after entry of judgment.

2

6. For these reasons, and as further explained below, the Court should either deny the Motion or recommend that the District Court deny the Motion.

## RELEVANT BACKGROUND

7. On July 6, 2020, the Court filed its PFC which, among other things, contained *proposed* findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 9033(a) pertaining the Trustee's claims against Tilton for breach of fiduciary duty. PFC at 100 ("The findings and conclusions relating to the breach of fiduciary duty claim are proposed and the parties have the right to seek *de novo* review by the District Court in accordance with Federal Bankruptcy Rule 9033(d)."). On the basis of its PFC, the Court "recommend[ed]" the District Court enter a money judgment against Tilton, PFC at 2, subject to the District Court's *de novo* review. PFC at 100; Fed. R. Bankr. P. 9033(d). In contrast, "[t]he remaining, core claims" were "ready for the entry of judgment" and were not "proposed" findings and conclusions under Rule 9033. PFC at 100. An appeal of the judgment as to certain of the core claims has already been filed.

8. On July 23, 2020, the Trustee filed the Motion, which seeks discovery of Tilton under CPLR § 5229, based on the PFC's proposed findings and conclusions and the Court's recommendations to the District Court regarding liability and damages on the non-core fiduciary duty claims.

9. On August 7, 2020, in accordance with Bankruptcy Rule 9033(b), Tilton will be filing objections to the PFC, with the Trustee's response due on September 9, 2020.

## LEGAL STANDARD

10. CPLR § 5229 applies in these proceedings through Bankruptcy Rule 7064 (and, in turn, through Fed. R. Civ. P. 64), and states:

> In any court, before a judgment is entered, upon motion of the party in whose favor *a verdict or decision has been rendered*, the trial

3

>  judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment.

(Emphasis added).

11. As part of CPLR Article 52 and by its plain terms, § 5229 applies after "a verdict or decision has been rendered" but "before a judgment is entered," and therefore presumes "a judgment following a verdict or decision [is] a matter of course, delayed merely by the necessity to submit *pro forma* papers for signature by the court." *Unex*, 102 Misc. 2d at 812. As such, "a key prerequisite to obtaining relief under § 5229 is the receipt of a favorable verdict." *Trs. of the Local 8A-28A Welfare Fund v. Am. Grp. Adm'rs*, 14-CV-1088, 2017 U.S. Dist. LEXIS 1149355, at *3 (E.D.N.Y. Sept. 13, 2017).

12. Put simply, Section 5229 "assume[s] that it would not be given in circumstances where the decision or verdict might not proceed in the normal course of events to judgment." *Unex*, 102 Misc. 2d at 812. Indeed, where outstanding issues in a case make it "far from certain that a monetary judgment in the amount or in excess of that sought to be restrained will enter against [the defendant]," relief under § 5229 should not be granted. *Trs. of the Local 8A-28A Welfare Fund*, 2017 U.S. Dist. LEXIS 1149355, at *3; *see also Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1075 (S.D.N.Y. 1996) (granting relief under § 5229 where "judgment is not just potential, it is certain"); 6 Weinstein, Korn & Miller, New York Civil Practice ¶ 5229.04 (2020) (Where "it appears that the decision or verdict might not proceed to judgment," "[t]he trial judge ought not to grant relief pursuant to CPLR 5229."). And, because § 5229 provides "a rather unusual remedy—the right to invoke some of the postjudgment enforcement proceedings in advance of the entry of judgment"—the statute "should be strictly construed." *Unex*, 102 Misc. 2d at 811.

# ARGUMENT

### A. The Trustee Has Not Established That The Court Has The Jurisdiction To Grant The Motion.

13. As a threshold matter, it is far from clear that a Bankruptcy Court is authorized to enter an order granting relief on a non-core claim against a non-consenting defendant where, as here, the Court has already issued proposed findings and conclusions following trial and the District Court has yet to act on (or even receive) them. The Trustee grudgingly acknowledges this in asking, as an alternative, that the Court "enter a report and recommendation that the relief sought herein be granted by the District Court." Mot. ¶ 11. To be sure, a Bankruptcy Court may enter interlocutory orders prior to the trial of a non-core claim. However, as Judge Drain observed in a recent opinion, a "bankruptcy court loses the power to enter interlocutory orders in matters pending before it under 28 U.S.C. § 157(c)(1) only upon its voluntary submission of proposed findings of fact and conclusions of law with respect to such rulings or the district court's withdrawal of the reference under 28 U.S.C. § 157(d)." *In re Windstream Holdings v. Charter Comm'ns. Inc.*, Case No. 19-22312, Adv. Pro. No. 19-08246, 2020 Bankr. LEXIS 468, at *5-6 (Bankr. S.D.N.Y. Feb. 19, 2020).

14. Nor is it clear that a Bankruptcy Court has the authority to issue orders under CPLR Article 52, governing "Enforcement of Monetary Judgments," in connection with *proposed* findings of fact and conclusions of law issued under Bankruptcy Rule 9033 to support a *recommended* judgment. *Compare, e.g.*, *Brit. Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 600 B.R. 890, 896 (Bankr. S.D. Fla. 2019) ("[P]roposed findings of fact and conclusions of law issued by the bankruptcy court become enforceable if and only if, and only to the extent that, the district court enters an order approving or adopting them.") *with* Siegel, N.Y. Prac. § 516 (6th ed.) (McKinney's 2020) (detailing "enforcement devices" available under CPLR 5229).

15. The Trustee therefore asks the Court to issue an order without establishing that it has the authority to do so under federal law, on the basis of a state law that was plainly not drafted to address relief pending review of *proposed* findings subject to *de novo* review. The Motion is improper in its entirety, and should be denied on that basis alone.

**B.    The PFC is Not a "Verdict or Decision" that Could Support § 5229 Relief.**

16. Even if the Court has the power to enter an order on the Motion, the Court's "proposed" "conclusions relating to the breach of fiduciary duty," PFC at 100, which form the sole basis for the Motion, do not fulfill § 5229's "favorable verdict or decision" requirement. The entry by the District Court of the judgment recommended in the PFC is "far from certain" and cannot be described as "a matter of course" in light of the District Court's *de novo* review. As stated explicitly in the PFC, under Bankruptcy Rule 9033(d), the Court's proposed findings and conclusions concerning the fiduciary-duty claims against Tilton are subject to "*de novo* review by the District Court." PFC at 100. This review is to be conducted "without deference to the Bankruptcy Court's proposed findings of fact and conclusions of law." *In re Lehman Bros. Holdings, Inc.*, 18-CV-8986-VEC, 2019 U.S. Dist. LEXIS 77997, at *39 (S.D.N.Y. May 8, 2019). As such, entry of a judgment against Tilton is far from a sure thing.

17. The Trustee himself admits the tentative nature of the PFC, acknowledging the Court "only *recommended* judgment against Ms. Tilton in the PFC." Mot. ¶ 11 (emphasis added); *see also* PFC at 2. This is consistent with the provisional nature of proposed findings of fact and conclusions of law under Bankruptcy Rule 9033(d). To our knowledge, no court applying New York law has *ever* granted § 5229 relief based on *proposed* findings of fact and conclusions of law like those at issue here. This Court should decline the Trustee's invitation to become the first.

18. The Trustee advances three arguments to the contrary, all unavailing.

19. *First*, the Trustee argues that "if an un-confirmed arbitration award" counts as a qualifying "decision" under § 5229, "so too should the PFC, which actually directed that claims against certain affiliates of Ms. Tilton be reduced to judgment." Mot. ¶ 5. This argument fails for a number of reasons.

20. The fact that the PFC "directed that claims *against certain affiliates* of Ms. Tilton be reduced to judgment," *id.* at ¶ 5 (emphasis added), is irrelevant. As a threshold issue, § 5229 concerns the entry of judgment against "the adverse party" targeted for discovery, not her affiliates. Further, as the Trustee knows, this Court was empowered to direct and enter judgment on the core claims asserted against those affiliates; in contrast, the Court cannot enter judgment on the *non-core claim* at issue here (and it has not done so) because its *proposed* findings that support its *recommended* judgment are subject to *de novo* review by the District Court, and possibly the taking of additional evidence, under Bankruptcy Rule 9033(d).

21. Further, the premise of the Trustee's position—that arbitration awards qualify as "decisions" sufficient to render § 5229 relief available—is debatable at best. The federal case the Trustee cites for that proposition, *Loew v. Kolb*, did grant relief under § 5229 based on an unconfirmed arbitration award. 03 Civ. 5064, 2003 U.S. Dist. LEXIS 15628, at *7-9 (S.D.N.Y. Sept. 8, 2003). However, the *Loew* court was seemingly unaware of a state decision that came decades before, *Unex, Ltd. v. Arsygrain International Corp.*, which held the opposite.[1] *See* 102 Misc. 2d at 812 (holding that § 5229 relief is unavailable to secure unconfirmed confirmation award). This calls into question the validity of *Loew*'s interpretation of state law. Further, the

---

[1] The *Loew* decision was also based largely on the fact that the targets of the § 5229 motion failed to respond to it at all, a circumstance seemingly absent in *Unex* and inapplicable here. *See Loew*, 2003 U.S. Dist. LEXIS 15628, at *5 ("[F]ailure to respond to Petitioner's motion alone warrants the Court's entry of a CPLR 5229 restraint against [respondents].").

conflict between the decisions—with *Loew* being the only case to our knowledge to extend § 5229 relief based on anything other than a trial court decision separated from judgment in the same court only by a matter of time—casts doubt on § 5229's applicability outside of those narrow circumstances.

22. But even assuming that *Loew* is good law, it supports denial of the Motion. In determining that § 5229 remedies would be appropriate to secure an unconfirmed arbitration award, the *Loew* court relied heavily on the uniquely forgiving review standards district courts must apply to arbitration awards. As the *Loew* court observed,

> [t]he Court's power to review an arbitration award is severely limited under the Federal Arbitration Act, 9 U.S.C. § 1. An award may be vacated only on one of the limited grounds specified in 9 U.S.C. § 10, namely if the arbitrators exceeded their powers, an award was procured by corruption, fraud, or undue means or if the Court found corruption among the arbitrators. There is [as] little justification for inquiry into the factual basis upon which the arbitrators reached their judgment as there is for inquiry into the basis upon which a jury determination rests. An award within the scope of the submission is conclusive on fact issues and interpretation of law. Moreover, an arbitration award must be confirmed where the arbitrator's true intent is apparent, or if the grounds for it can be inferred from the facts of the case.

2003 U.S. Dist. LEXIS 15628, at *7-8 (quotation marks and citations omitted). The *Loew* court thus concluded, since it was "well settled in the Second Circuit that confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," relief under § 5229 was appropriate. *Id.* (quotation marks and citation omitted).

23. Thus, though *Loew* and *Unex* disagree on how the law applies specifically to unconfirmed arbitration awards, they agree on what the law ultimately requires: a decision or verdict that will lead to a corresponding judgment "as a matter of course." *Compare Loew,* 2003 U.S. Dist. LEXIS 15628, at *7 (reasoning that § 5229 relief is, for arbitration awards, "in effect a

8

post-judgment remedy" given the "severely limited" district court review) *with Unex*, 102 Misc. 2d at 812 (reasoning that § 5229 relief is inappropriate in the case of arbitration awards because the court "is not in a position to state that in the normal course of events the motion to confirm will be granted and that judgment thereon will be entered"). Because the PFC's recommendations with regard to the fiduciary duty claim against Tilton will be subject to *de novo* review and possibly the taking of additional evidence—a standard that stands in stark contrast to the review of arbitration awards as discussed in *Loew*—significant judicial activity remains before a final judgment may be entered against Tilton (if one is entered at all). The Trustee's reliance on *Loew* is therefore misplaced.

24. *Second*, the Trustee observes in passing that "the PFC (at p.3, n.1) describes itself as a 'decision.'" Mot. ¶ 5. But, the Court's use of the term "decision" as a shorthand to describe the PFC does not imbue them with the pending finality necessary to grant § 5229 relief. Nor does any case interpreting § 5229 assign talismanic significance (or any significance) to how an opinion labels itself.[2]

25. *Third*, the Trustee argues "the Court has authority to order the relief requested, notwithstanding that it only recommended judgment against Ms. Tilton in the PFC, because CPLR 5229 contemplates 'the trial judge' entering an order on a motion for relief under the statute, and it is the Bankruptcy Court not the District Court that conducted the trial herein." Mot. ¶ 11. The Trustee is mistaken, and his reading turns the requirements of the statute on their head.

26. Section § 5229 includes the phrase "trial judge" because, in the ordinary course of events, the judge who presides over the trial is the same judge who ultimately enters judgment,

---

[2] Further, the footnote the Trustee cites to support this argument (PFC at 3, n.1) only sets forth the abbreviation and labeling conventions for the PFC. The use of the word "decision" there plainly was not intended to have any substantive significance.

9

putting that judge in the best position to determine whether a given opinion will ultimately lead to judgment. By giving "the power of granting [§ 5229] relief to the Trial Judge in his discretion," the statute seeks to ensure relief "would not be given in circumstances where the decision or verdict might not proceed in the normal course of events to judgment." *Unex*, 102 Misc. 2d at 812. Thus, for example, "if a Trial Judge reserved decision on a posttrial motion to set aside the verdict, or where he believed there might be merit to an application to contest his decision, he would be in a position to make an enlightened judgment as to whether or not CPLR 5229 relief should be granted." *Id*.

27. A judge who issues proposed findings—like those at issue here from the PFC—is not in the same position. The PFC filed by this Court are subject to plenary review by the District Court, and thus this Court "is not in a position to state that in the normal course of events the [proposed findings and conclusions] will be [adopted] and that judgment thereon will be entered." *Unex*, 102 Misc. 2d at 812.

### C. In Any Case, The Trustee Gives No Credible Reason For The Relief Sought.

28. The uncertainty surrounding entry of judgment here, even if it did not serve as a categorical bar to § 5229 relief already (and it does), would strongly weigh against awarding the unusual relief that the Trustee seeks here and the expansion of New York law that underpins his request.

29. Nor is the Trustee's claim of risk of dissipation of assets pending the District Court's *de novo* review supported by any evidence or case law. The Trustee primarily expresses concerns over collectability arising from other litigation involving Tilton. *See* Mot. ¶ 8. But the Trustee fails to identify a single case where concerns over the outcome of *other* lawsuits involving a potential judgment debtor justified an award of § 5229 relief. Indeed, the Trustee even admits he is merely seeking this relief "out of an abundance of caution." Mot. ¶ 7. Given § 5229's status

as "an unusual remedy," *Unex*, 102 Misc. 2d at 811, the bar cannot possibly be so low. And this is doubly true in the present case, where significant time and substantial uncertainty stand between the PFC's recommendations and any entry of judgment against Tilton, if ever or at all, creating a greater risk that § 5229 remedies could give the Trustee undue power over assets to which the Debtors' estates may ultimately have no claim.

30. In any event, the Motion is impermissibly premature. In the event the District Court were to issue an adverse judgment, Tilton would be entitled to appeal it and obtain a stay of enforcement pending that appeal by posting a bond under Federal Rule of Civil Procedure 62(b). *Cf. Whale Sq. Fire Litig. Greyhound Exhibitgroup, Inc. v. Elul Realty Corp.*, CV-88-3039, 1992 U.S. Dist. LEXIS 14353, at *9-10 (E.D.N.Y. May 13, 1992) (holding Rule 62(a) automatic stay following judgment barred issuance of restraining notice under CPLR § 5222 because "the enforcement devices of [CPLR] Article 52" clearly fall within Rule 62's ambit).

31. Indeed, Rule 62(b), and its New York State law analogue, CPLR § 5519(a)(2), make the entry of judgment a necessary step preceding the issuance of a stay of enforcement, further underscoring the importance of § 5229's requirement that entry of judgment be "a matter of course" and soon to follow a qualifying decision. To disregard that requirement would at best invite inefficiency by permitting the pursuit of enforcement procedures for a lengthy duration even where any judgment could later be stayed, and at worst arm plaintiffs with the ability to abusively invoke prejudgment enforcement procedures knowing that defendants will be without recourse to stay such mechanisms until the later entry of judgment (if ever entered).

## **CONCLUSION**

32. For the foregoing reasons, the Court should deny the Motion, or issue proposed findings of fact and conclusions of law recommending that the District Court deny the Motion.

Dated: August 6, 2020                    PROSKAUER ROSE LLP

By: */s/ Michael T. Mervis*
Michael T. Mervis
Timothy Q. Karcher
Eleven Times Square
New York, NY  10036-8299
Tel.: (212) 969-3000
Fax: (212) 969-2900
Email: mmervis@proskauer.com
tkarcher@proskauer.com


*Attorneys for Defendant Lynn Tilton*