Bijan Amini
Avery Samet
Jeffrey Chubak
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,*
*as Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, et al.,<br><br>      Debtors. | Chapter 7<br><br>Case No. 16-10407-smb |
| SALVATORE LAMONICA, as Chapter 7 Trustee for the Estates of TransCare Corporation, et al.,<br><br>      Plaintiff,<br><br> - against -<br><br>LYNN TILTON, PATRIARCH PARTNERS AGENCY SERVICES, LLC, PATRIARCH PARTNERS, LLC, PATRIARCH PARTNERS MANAGEMENT GROUP, LLC, ARK II CLO 2001-1 LIMITED, TRANSCENDENCE TRANSIT, INC. and TRANSCENDENCE TRANSIT II, INC.,<br><br>      Defendants. | Adv. Proc. No. 18-01021-smb |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER AUTHORIZING**
**PREJUDGMENT DISCOVERY OF DEFENDANT LYNN TILTON**

   Plaintiff Salvatore LaMonica, as Chapter 7 Trustee, submits this reply in support of his

motion for prejudgment discovery of Defendant Lynn Tilton, and states:

**INTRODUCTION**

1. The Objection is premised on the Post-Trial Findings of Fact and Conclusions of Law (ECF Doc. #138) ("PFC") not a qualifying as a "decision" under CPLR § 5229 as to Ms. Tilton, and Your Honor not being the "trial judge" referred to in the statute, in both cases because the PFC is subject to *de novo* review. Both premises are wrong for reasons set forth below. The Trustee seeks the discovery authorized by the statute in light of the multiple competing claims and matters against Ms. Tilton. Accordingly, the Court should authorize the requested relief: prejudgment discovery of her, so that the Trustee can properly assess what continued actions he should take on behalf of the Debtors' estates and be prepared to execute following the completion of briefing (scheduled to conclude September 9, 2020) and entry of a District Court order on her objection, consistent with his statutory duties.

**ARGUMENT**

**I. THIS COURT HAS AUTHORITY TO GRANT THE REQUESTED DISCLOSURE**

2. Ms. Tilton states that the Trustee is asking this Court "to issue an order without establishing that it has the authority to do so under federal law." (Objection ¶15.) That is incorrect. This Court plainly has statutory authority to enter the requested relief, in that CPLR § 5229 (which applies herein by operation of Rule 64, itself made applicable by Rule 7064) vests authority to enter orders with the "trial judge."

3. Ms. Tilton, wishing to avoid entry of an order by this Court, argues that "trial judge" as used in CPLR § 5229 does not really mean what it says, because "a judge who issued proposed findings—like those at issue here from the PFC" is not appropriately considered a "trial judge" for purposes of the statute. (Objection ¶¶26-27.)

4. Ms. Tilton cites no authority upon which to ignore the plain words of the statute, and her argument is at odds with *Unex Ltd. v. Arsygrain Int'l Corp.*, 102 Misc.2d 810, 812, 424

N.Y.S.2d 583, 585 (Sup. Ct. N.Y. Co. 1979), the principal decision on which she relies, which held "[i]n the court's view that language means just what it says not any judge but only 'the trial judge'. Such a restricted designation of that power is logical and warranted."

5. Ms. Tilton also argues this Court lacks authority to authorize prejudgment discovery, because a "bankruptcy court loses the power to enter interlocutory orders … upon its voluntary submission of proposed findings of fact and conclusions of law." (Objection ¶13 (citing *In re Windstream Holdings Inc.*, No. 19-ap-08246, 2020 WL 833809 (Bankr. S.D.N.Y. Feb. 19, 2020)).) However, interlocutory as used in *Windstream* plainly referred only to pretrial orders. *Windstream*, 2020 WL 833809, at *2-3 (discussing authority to handle "all pretrial proceedings short of a final ruling"). The decisions cited in *Windstream* for the above proposition do not address post-trial orders in aid of enforcement, requested after findings of fact and conclusions of law have been made under 28 U.S.C. § 157(c)(1). *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993) held only that the availability of *de novo* review of matters heard by the bankruptcy court, serves to prohibit bankruptcy courts from holding jury trials in noncore matters without consent; and *Gecker v. Marathon Fin. Ins. Co.*, 391 B.R. 613, 616 (N.D. Ill. 2008) denied a motion to withdraw the reference without prejudice to renewing the motion if/when dispositive motions on non-core claims or a jury trial appears on the horizon.

## II. THE POST-TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW IS A QUALIFYING "DECISION"

6. Ms. Tilton argues that the Court should not exercise authority conferred on it under CPLR § 5229, because the statute does not contemplate *de novo* review of proposed findings and conclusions. (Objection ¶15.) Ms. Tilton does not dispute that the PFC is a "decision," but nevertheless argues it is not one "that could support § 5229 relief" because judgment against her is not "slated to occur as a matter of course."

3

7. That the subject decision is challenged does not serve to defeat a motion for relief under CPLR § 5229. *Gallegos v. Elite Model Mgm't Corp.*, 1 Misc.3d 200, 768 N.Y.S.2d 200 (Sup. Ct. N.Y. Co. 2003) ("That the court has reserved on a 4404 motion [in that case, 'to vacate the verdict or substantially reduce the damages'] does not require denial of a 5229 application at this juncture"); *Berg v. Au Café, Inc.*, Index No. 108437/2005, 2009 WL 1905143 (Sup. Ct. N.Y. Co. June 24, 2009) (taking an appeal insufficient to warrant denial of relief).

8. Ms. Tilton's argument should also fail because the PFC cannot be a "decision" for CPLR § 5229 purposes as to some Defendants (PPAS, Transcendence) but not others (Ms. Tilton). Particularly given that the awards against them arise out of substantially the same transaction and remedy the same injury. (PFC at 78-79.) Further, it is up to the "trial judge" to determine if the challenge presented warrants denial of relief. *Laruffa Yui Ming Lau*, 4 Misc.3d 1013(A), 798 N.Y.S.2d 710 (Sup. Ct. Kings Co. 2004) (citing *Unex*, 102 Misc.2d at 810, 424 N.Y.S.2d at 583) ("in *Unex* … the court suggested that a CPLR 5229 relief may not be appropriate where decision on a post-trial motion vacating the verdict is reserved or if the trial judge believes a challenge to the verdict has merit").

9. State courts have indicated relief is available under CPLR § 5229 based upon unconfirmed decisions of referees/judicial hearing officers, even though they too must be confirmed by the court pursuant to 22 NYCRR 202.44, to have force or effect. For example, in *Austin Boulevard. Restaurant Corp. v. Iacono*, Index No. 003657/2004, 2010 WL 4383404 (Sup. Ct. Nassau Co. Oct. 18, 2010), where plaintiff made a CPLR § 5229 motion following a trial decision determining the defendants to be liable to the plaintiff, but before damages were determined by the court-appointed referee, the court denied the plaintiff's motion without prejudice, but granted leave to make a new motion after the referee made his damages findings, without regard to confirmation thereof. *See also Kaminsky v. Kahn*, 46 Misc.2d 131, 258 N.Y.S.2d 1000 (Sup. Ct.

N.Y. Co. 1965) (stating, after the plaintiff was awarded interlocutory judgment directing an accounting from defendant, that the court saw "no need to await the entry of a final judgment" following accounting proceedings presided over by special referee, before granting restraint under CPLR § 5229).

### III. THIS COURT SHOULD AUTHORIZE THE REQUESTED DISCLOSURE

10. Ms. Tilton argues even if this Court determines that it has authority to enter an order on the Trustee's motion, and that the statutory requirement (a favorable decision) is satisfied, this Court should still exercise the discretion available to it to deny relief, because the Trustee's concerns as to collectability are unwarranted. (Objection ¶¶5, 29.)

11. But Ms. Tilton fails to substantiate that statement, especially in light of the size of the judgment. It is undisputed that Ms. Tilton is subject to potentially competing claims, even herein (ECF Doc. #150, Exhibit B), and that the assets under her control and substantial ownership have recently lost significant value due to her alleged mismanagement. Dura Automotive Systems, heralded by Ms. Tilton as the "crown jewel" of the Zohar Funds' investment portfolio in her first day declaration, commenced its own chapter 11 case on October 17, 2019; however, on June 24, 2020, the Bankruptcy Court entered an order converting Dura's case to one under chapter 7 upon the closing of the sale of North American and European operations in consideration for credit bids, and on terms that retained causes of action against Ms. Tilton. (*In re Zohar III Corp.*, No. 18-bk-10512-KBO (Bankr. D. Del. March 12, 2018) [Dkt. No. 5] (First Day Declaration); *In re Dura Automotive Systems, LLC*, No. 19-bk-12378-KBO (Bankr. D. Del. June 24, 2020) [Dkt. No. 1144] (Order Approving Procedures for Conversion of Debtors' Chapter 11 Cases); *see also id*. Dkt. Nos. 1028-29 (Orders Approving North American and European Stock and Asset Purchase Agreements).)

12. Ms. Tilton also argues that the requested relief would arm the Trustee with the ability to engage in "abusive" practices while the PFC is under review. (Objection ¶31.) That premise is false. As stated in the motion, the Trustee seeks visibility into insurance policy proceeds available to satisfy a judgment against Ms. Tilton, assets of Ms. Tilton available to satisfy a judgment and liens, encumbrances and competing claims with respect to the same. (Motion ¶10.) The contemplated requests cannot reasonably be considered abusive, and of course, all rights of Ms. Tilton to object to disclosure outside the scope of CPLR § 5223 would be preserved.

WHEREFORE, the Objection should be overruled, and this Court should authorize prejudgment discovery of Ms. Tilton and grant such other and further relief as it deems just and proper.

Dated: August 10, 2020

AMINI LLC

/s/ Bijan Amini
Bijan Amini
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff Salvatore LaMonica,
as Chapter 7 Trustee*