Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> TRANSCARE CORPORATION, et al., <br><br> Debtors. | Chapter 7 <br><br> 16-bk-10407 (DSJ) <br><br> (Jointly Administered) |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al., <br>                               Plaintiff, <br> v. <br> LYNN TILTON, et al., <br>                               Defendants. | 18-ap-1021 (DSJ) |

**MOTION TO APPROVE ATTORNEYS' FEES AWARD**
**AGAINST DEFENDANT PATRIARCH PARTNERS AGENCY SERVICES,**
**LLC UNDER DEBTOR AND CREDITOR LAW § 276-a**

Plaintiff Salvatore LaMonica, as Chapter 7 Trustee, by and through his attorneys Amini LLC, submits this application for an award of reasonable attorney's fees against defendant Patriarch Partners Agency Services, LLC ("PPAS") in the amount of $4,608,931.40 plus prejudgment interest as described below, pursuant to FRBP 7054 and Debtor and Creditor Law ("DCL") § 276-a (pre-April 4, 2020).

**INTRODUCTION**

By this application, the Trustee seeks attorney's fees awarded him by this Court's post-trial findings of fact and conclusions of law ("PFC") made July 6, 2020 (ECF Doc. #138). In the

PFC, this Court found PPAS liable for actual fraudulent transfer under 11 U.S.C. § 548(a)(1)(A) and DCL § 276. As a result, this Court determined that the Trustee was entitled to attorney's fees from PPAS under DCL § 276-a. (PFC at 79-80.) By the judgment entered July 15, 2020, this Court extended the time for the Trustee to make such an application for reasonable attorney's fees until fourteen days after the judgment became final and non-appealable. (ECF Doc. #141, at 2.) Now that the PPAS judgment is final and non-appealable, the Trustee makes this application to fix the amount of its reasonable attorney's fees.

The Trustee employed Storch Amini PC and Amini LLC on a contingency fee basis as special litigation counsel throughout this adversary proceeding and its appeal. The Trustee also employed Sidley Austin LLP on an hourly basis as special appellate counsel for the Second Circuit appeal.

Under DCL § 276-a and the governing case law, the Trustee is entitled to his reasonable attorney's fees for litigating the entire adversary proceeding. That is the case even though other claims were present because the other claims arose out of a common nucleus of related facts. The Trustee is also entitled to reasonable attorney's fees even though, as here, his principal attorneys were engaged on a contingency fee basis.

Nevertheless, in lieu of requesting an award against PPAS for the entire contingency fee, the Trustee seeks an award for a subset of lodestar fees reflected in Storch Amini PC's and Amini LLC's time entries and expenses related to prosecution of this adversary proceeding, with hourly rates discounted by 10%. The Trustee also seeks an award for Sidley Austin LLP's hourly fees and expenses. Together, this amount is a fraction of that which the Trustee would otherwise be entitled to and is consistent with application of DCL § 276-a in contingency cases.

More specifically, the fees and expenses for which the Trustee seeks an award is described as follows:[1]

| Professional | Period for which fees are sought | Fees | Expenses | Fees and Expenses |
|---|---|---|---|---|
| Storch Amini PC, counsel through trial | 5/4/18 (motion to dismiss initial complaint filed) through 10/15/19 (post-trial) | $2,926,125.90 | $95,262.55 | $3,021,388.45 |
| Amini LLC, counsel from Feb. 2020 onwards | 9/30/20 (PPAS appeal brief filed) through 11/2/20 (Trustee's appeal brief filed) | $138,764.70 | $2,913.50 | $141,678.20 |
| Sidley Austin LLP, counsel for Second Circuit appeal | 11/9/21 through 11/20/23 | $1,409,790.50 | $36,074.25 | $1,445,864.75 |
| | Total: | $4,474,681.10 | $134,250.30 | $4,608,931.40 |

Given that PPAS was found to have fraudulently effectuated a $39.2 million avoidable transfer, this amount is more than consistent with the purposes underlying DCL § 276-a.

The Trustee also seeks prepetition interest at the statutory rate under CPLR 5004 (9%/year) on the above fees and expenses of (1) Storch Amini PC from July 6, 2020 (date of PFC), (2) Amini LLC from September 29, 2021 (date of District Court decision) and (3) Sidley Austin LLP from November 20, 2023 (last day of compensation period in its final fee application, shortly after mandate issued).

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this application under 28 U.S.C. §§ 157(a) and 1334(b), and General Order M-431 (amended standing order of reference). This is a core

---

[1] Storch Amini PC's time and expense detail for the subject period is attached as Exhibits 1 and 2; Amini LLC's time and expense detail for the subject period is attached as Exhibits 3 and 4; and Sidley Austin LLP's time and expense detail is included in its first interim and final fee applications. (16-bk-10407, ECF Doc. #727, #747.) Rates included in Storch Amini PC's and Amini LLC's time detail (Exhibits 1 and 3) reflect a 10% discount relative to standard attorney and paralegal billing rates.

proceeding under 28 U.S.C. § 157(b)(2)(H), and this adversary proceeding is properly venued in this district under 28 U.S.C. § 1409.

## BACKGROUND

2. The Debtors provided ambulance services for emergency and non-emergency patients to hospitals and municipalities in New York City, Westchester, the Hudson Valley, Pittsburgh and Maryland, and paratransit services to the MTA, through its Access-a-Ride program. (PFC at 2-3.)

3. Tilton was the indirect, majority owner of TransCare Corporation, the parent corporation of the Debtors. (Id. at 4.) She was also its sole director. (Id.)

4. Tilton also owned and controlled PPAS, the Debtors' term lender. (Id.)

5. On February 24, 2016, at Tilton's direction PPAS foreclosed on certain of the Debtors' assets (the "Subject Collateral"), including the MTA contract. (Id. at 29.)

6. PPAS accepted the Subject Collateral in satisfaction of $10 million of roughly $43 million in outstanding debt. (Id.)

7. PPAS assigned the Subject Collateral to Transcendence Transit, Inc. and Transcendence Transit II, Inc. (together, "Transcendence"), contemplated operating companies which Tilton established two weeks prior. (Id. at 21, 30-31.)

8. That evening eleven Debtors commenced chapter 7 cases. (Id. at 31.)

9. On February 25, 2016, the Trustee was appointed.

10. Transcendence's business failed, and the assignment of the MTA contract was also unsuccessful. (Id. at 32-35.)

11. On April 25, 2016, three other Debtors commenced chapter 7 cases. (Id. at 36.)

4

12.     PPAS filed a $35 million claim, reflecting a $10 million credit for receipt of the Subject Collateral.  (Id. at 37.)

13.     The Trustee employed Storch Amini P.C. (16-bk-10407, ECF Doc. #494) as special litigation counsel to investigate and prosecute causes of action related to the foreclosure.

14.     On February 22, 2018, the Trustee commenced this adversary proceeding against *inter alia* Tilton, PPAS and the Transcendence entities.

15.     The initial complaint asserted *inter alia* actual and constructive fraudulent conveyance claims against PPAS and Transcendence, fiduciary duty claims against Tilton, all based on the above-described prepetition foreclosure.

16.     On July 23, 2018, this Court entered an order (ECF Doc. #24) directing defendants to commence production of documents.

17.     On October 18, 2018, this Court entered a memorandum decision and order granting in part and denying in part the defendants' motion to dismiss the initial complaint and granting leave to amend.  (ECF Doc. #40.)

18.     The Trustee took fact witness depositions from October 10-November 27, 2018. The Trustee deposed Michael Greenberg, Brian Stephen, Jean Luc Pelissier (of Tilton affiliates), Tilton, John Husson (of Wells Fargo), Alexander Witkes (of Credit Suisse) and Glenn Leland (of the Debtors).  Their respective roles are described in the PFC, which cites (at 9-11) Mr. Leland's deposition testimony.

19.     On November 28, 2018, the Trustee filed an amended complaint.  (ECF Doc. #53.) Expert discovery proceeded between then and March 2019.

20.     On April 30, 2019, this Court entered a memorandum decision granting in part and denying in part the defendants' motion to dismiss the amended complaint.  (ECF Doc. #78.)

21. On May 6, 2019, defendants filed an amended answer. (ECF Doc. #84.)

22. On May 14, 2019, this Court entered a joint pretrial order. (ECF Doc. #85.)

23. A six-day bench trial was conducted July 22-24, 2019 and August 8, 13-14, 2019. (ECF Doc. #119-29.)

24. Prior to trial, the parties briefed motions *in limine* and filed written opening statements and pretrial memoranda. (ECF Doc. #102-17)

25. Post-trial, the parties submitted proposed findings of fact and conclusions of law and responses thereto. (ECF Doc. #133-37.)

26. On February 7, 2020, an order was entered (ECF Doc. #670) substituting Amini LLC for Storch Amini PC as special litigation counsel for the Trustee.

27. On July 6, 2020, this Court entered the PFC. This Court found and determined that the subject transaction constituted an actual fraudulent conveyance under DCL § 276:

> [T]he numerous badges of fraud establish Tilton's fraudulent intent to delay and defraud TransCare's creditors and she has not pointed to "significantly clear evidence of a legitimate supervening purpose" to effectuate a transfer of substantially all of TransCare's value for less than a quarter of its worth. The Trustee has sustained his burden of proving that TransCare transferred the Subject Collateral to PPAS with the intent to hinder and delay TransCare's creditors and avoids the strict foreclosure under NYDCL § 276.

(PFC at 76.)

28. This Court directed entry of a money judgment against PPAS and Transcendence on the actual fraudulent conveyance claim in the amount of $39.2 million. (Id. at 79.)

29. This Court accordingly held that the Trustee is entitled to an award of reasonable attorneys' fees under DCL § 276-a:

> The Court has found that TransCare made and PPAS received the Subject Collateral with actual intent to hinder and delay TransCare's creditors. This finding led to the conclusion that PPAS was not a good faith purchaser for value entitled to a $10 million reduction in

>> the Trustee's award based on the credit it gave TransCare. <u>The same
>> finding entitles the Trustee to an award of reasonable attorneys' fees
>> to be fixed by the Court in subsequent proceedings.</u>

(Id. at 80 (emphasis added).)

30. On July 15, 2020, this Court entered a money judgment in favor of the Trustee and against PPAS and Transcendence in the amount of $39.2 million, plus prejudgment interest in the amount of $6 million, for a total judgment of $45.2 million. (ECF Doc. #141.)

31. The judgment extended Plaintiff's time to make a DCL § 276-a application for attorneys' fees and costs "until fourteen (14) days after the Judgment in Paragraph 1, above, has become final and nonappealable."[2]

32. PPAS and Transcendence appealed to the District Court (ECF Doc. #146) and Amini LLC defended the appeal. (20-cv-6274, ECF Doc. #12.)

33. The District Court affirmed on September 29, 2021. (ECF Doc. #167, at 4.)

34. On December 22, 2021, the District Court entered an amended judgment in favor of the Trustee and against Tilton (20-cv-6523, ECF Doc. #23) in the amount of $38.2 million, keyed (ECF Doc. #167, at 37) to the value of Subject Collateral foreclosed upon, plus prejudgment interest in the amount of $13.3 million, for a total judgment of $51.5 million.

35. Sidley Austin LLP was employed as special appellate counsel on January 3, 2022. (ECF Doc. #716.)

---

[2] Pursuant to Supreme Court Rule 13(3), the judgment became final and non-appealable 90 days after denial (October 27, 2023) of the petition for panel rehearing or rehearing *en banc*. The 90-day period ended January 25, 2024 so the 14-day deadline to make this application runs to February 8, 2024.

36. The Second Circuit ordered (Exhibit 5) that the appeals of this Court's judgment against PPAS and Transcendence, and the District Court's judgment against Tilton be heard in tandem.

37. Oral argument was held December 16, 2022.

38. On January 24, 2023, the Second Circuit directed further briefing (Exhibit 6) on whether the damages awards were overstated.

39. Sidley Austin LLP, with Amini LLC's assistance, prepared and filed the appellee and post-hearing briefs, and argued the Second Circuit appeal.

40. On August 28, 2023, the Second Circuit affirmed this Court's judgment against PPAS and Transcendence and the District Court's judgment against Tilton. *In re TransCare Corp.*, 81 F.4th 37, 58 (2d Cir. 2023) ("we find no error in the damages award of $39.2 million for the fraudulent conveyance or the award of $38.2 million for the breach of fiduciary duties").

41. On October 27, 2023, the Second Circuit denied (Exhibit 7) PPAS's and Transcendence's petition for panel rehearing or rehearing *en banc*.

42. On January 25, 2024, PPAS's time to petition the Supreme Court for a writ of certiorari expired under Supreme Court Rule 13. The following day the mandate was transmitted to the District Court. (20-cv-6274, ECF Doc. #21.)

## ARGUMENT

### I. LEGAL STANDARD

43. DCL § 276-a provides for recovery of "reasonable attorney's fees" incurred in successfully prosecuting an actual fraudulent conveyance claim in the form of a money judgment. The statute provides:

> In an action or special proceeding brought by a creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors to set aside a conveyance by a debtor, where such conveyance is found to

8

have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action or special proceeding the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors in such action or special proceeding, and the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment. The fee so fixed shall be without prejudice to any agreement, express or implied, between the creditor, receiver, trustee in bankruptcy, or assignee for the benefit of creditors and his attorney with respect to the compensation of such attorney.

44. This Court found that the subject transaction constituted an actual fraudulent conveyance under DCL § 276, and determined that the Trustee is entitled to attorneys' fees from PPAS under DCL § 276-a, as noted above. The Trustee is therefore entitled to recover his reasonable attorney's fees from PPAS. *E.g. RTC Mortg. Trust 1995-S/N1 v. Sopher*, 171 F. Supp. 2d 192, 202 (Bankr. S.D.N.Y. 2001) ("§ 276-a provides for attorneys' fees in the event a party proves that a transfer is made and received with actual intent").

## II. THE TRUSTEE'S LEGAL FEES ARE REASONABLE AND SHOULD BE AWARDED IN FULL

45. "[T]he process [of determining reasonable attorney's fees] is really a four-step one, as the court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award." *Building Serv. 32BJ Health Fund v. Renaissance Equity Holdings, LLC*, 08-cv-9264, 2010 WL 148117, at *2 (Bankr. S.D.N.Y. April 9, 2010).

46. "A reasonable hourly rate is 'the rate a paying client would be willing to pay.'" *Id.* at *3 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)).

47. In addition, "[a] court may determine the reasonable hourly rate by relying both on 'its own knowledge of comparable rates charged by lawyers in the district' … as well as on 'evidence proffered by the parties.'" *Id.* (citations omitted).

48. "Current rates, rather than historical rates, should be applied in order to compensate for the delay in payment." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 762 (2d Cir. 1998).

49. Further, "[i]f the plaintiff won substantial relief, and all of his claims for relief 'involve[d] a common core of facts' or were 'based on related legal theories,' so that '[m]uch of counsel's time w[as] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis,' there should be a fee award for all time reasonably expended." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). That is the case here in that the principal non-fraudulent conveyance claim, the breach of fiduciary duty claim against Tilton (discussed in the PFC at 41-67) concerned the prepetition foreclosure on the Subject Collateral with PPAS loans.

50. The rates of Trustee's counsel are reasonable. Storch Amini PC's and Amini LLC's rates are discounted 10% and are not being adjusted to current rates as permitted. This Court previously approved the reasonableness of Storch Amini PC's and Sidley Austin LLP's rates in the orders granting their first interim fee applications. (16-bk-10407, ECF Doc. #602 (Storch Amini PC), ECF Doc. #738 (Sidley Austin LLP).) Amini LLC's hourly rates are substantially similar to Storch Amini PC's.

51.     Prior to making this application, Amini LLC reviewed its and Storch Amini PC's time detail to include time entries for litigating this action and exclude time entries for tasks arguably outside the litigation (*e.g.* time devoted to investigation or monitoring related cases). All of Sidley Austin LLP's time entries are included in this application.

52.     Further, as to Storch Amini PC and Amini LLC, this Court has approved materially higher rates for mid-sized New York City law firms serving as special litigation counsel, than those listed in their respective time detail. *E.g. In re RML, LLC*, 22-bk-10784 (DSJ) (Bankr. S.D.N.Y.) (summary sheet of special litigation counsel's final fee application (ECF Doc. #166) listed hourly rates ranging from $925-$1,850 for partners and $775-$875 for associates for last interim fee period; resulting order (ECF Doc. #296) allowed all fees requested for all fee periods, except for a $47.50 adjustment).

53.     The hours expended by Storch Amini PC, Amini LLC and Sidley Austin LLP are reasonable given the amount of work performed, summarized above and detailed in Exhibit 1 and Exhibit 3 and the time detail annexed to Sidley Austin LLP's fee applications, and the results obtained. In addition, this Court already approved the reasonableness of Sidley Austin LLP's fees for the period covered by its first interim fee application, November 9, 2021-March 31, 2022, as noted above.

54.     As described in the certification of Avery Samet under the amended guidelines for fees and disbursements for professionals in this district included in Amini LLC's final fee application (16-bk-10407, ECF Doc. #746), his same certification in support of Storch Amini PC's interim fee application (16-bk-10407, ECF Doc. #589-4) and Carter Phillips's certification in support of Sidley Austin LLP's fee applications (16-bk-10407, ECF Doc. #727-5, #747-5), expenses billed by said firms are charged without markup.

55. Although not expressly provided for in the statute, costs incurred by the respective firms are recoverable under DCL § 276-a. *E.g. In re Palermo*, 08-cv-7421, 2011 WL 3874866 (S.D.N.Y. Sept. 2, 2011), *aff'd*, 549 Fed. App'x 38 (2d Cir. 2014) ("Where, as in this instance, it is the Defendant's conduct in the litigation that led to the expenditure of plaintiff's legal services, it's only right that the Defendant bear those costs, especially when the jury has found, by clear and convincing evidence, that the Defendant had the actual intent to hinder, delay, or defraud the Debtor's creditors"). *See also Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (awarding reasonable expenses that are "incidental and necessary" to the prevailing party when the statute provides for recovery of attorneys' fees).

56. Finally, a reasonable fee award must include the Trustee's appellate litigation fees and costs. *Hargett v. Town of Ticonderoga*, 31 Misc.3d 443, 445-46 (Sup. Ct. Essex Co. 2010) ("reasonable attorney … fees" awarded in condemnation proceeding under Eminent Domain Procedure Law § 702 covered appellate phases of litigation, because the losing party's decision to appeal extended the litigation by "keeping [it] very much alive"). *See also Tray-Wrap, Inc. v. Homestead Tomato Packing Co., Inc.*, 933 F.2d 1130, 1131 (2d Cir. 1991) ("statutory objectives of the Act [PACA, which provides for "reasonable fees and expenses" award to prevailing party] would be impaired if such fees ["appellate attorney's fees and expenses"] were not awarded"); *Giuffre Hyundai, Ltd. v. Hyundai Motor America*, 574 Fed. App'x 30, 31-32 (2d Cir. 2014) (permitting recovery of appellate attorneys' fees under Vehicle and Traffic Law § 469); *Cush-Crawford v. Adchem Corp.*, 234 F. Supp. 2d 207, 212 (E.D.N.Y. 2002) (awarding appellate fees and expenses in Title VII sexual harassment suit against employer).

### III. THE TRUSTEE IS ENTITLED TO PREJUDGMENT INTEREST

57. In *Palermo*, the District Court awarded prejudgment interest on the DCL § 276-a award at the statutory rate of 9%/year. 2011 WL 3874866, at *1 ("On February 17, 2011, this

Court entered judgment for the Trustee [on its motion "to determine the amount of attorneys' fees to be paid by Korff" under DCL § 276-a] in the amount of $477,090.41 including $177,090.41 in prejudgment interest"). The Second Circuit rejected the argument that the District Court erred in so doing. 549 Fed. App'x at 39, 41.

58. Prejudgment interest should therefore be awarded, on Storch Amini PC's fees and expenses from the date of the PFC (July 6, 2020), on Amini LLC's fees and expenses from the date of the District Court decision (September 29, 2021) and on Sidley Austin LLP's fees and expenses from the last day of the compensation period in its fee application (November 20, 2023), shortly after issuance of the mandate.

## NO PRIOR REQUEST

59. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, this Court should award the Trustee attorneys' fees against PPAS in the amount of $4,558,819.68 plus prejudgment interest on (1) $3,021,388.45 (Storch Amini PC fees and expenses) from July 6, 2020, (2) $141,678.20 (Amini LLC fees and expenses) from September 29, 2021 and (3) $1,445,864.75 (Sidley Austin LLP fees and expenses) from November 20, 2023; and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 7, 2024

Amini LLC

/s/ Avery Samet
Avery Samet
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff