Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al., | 16-bk-10407 (DSJ) |
| Debtors. | (Jointly Administered) |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al., | 18-ap-1021 (DSJ) |
| Plaintiff, | Re: ECF #169 |
| v. | |
| LYNN TILTON, et al., | |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AWARD AGAINST DEFENDANT PATRIARCH PARTNERS AGENCY SERVICES, LLC <u>PURSUANT TO DEBTOR AND CREDITOR LAW § 276-a</u>**

# TABLE OF CONTENTS

                                                         **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT ................................................................................................................................ 2

I.     PPAS CANNOT PAY ITS DCL § 276-a LIABILITY WITH INTEREST RECOVERED FROM TILTON ................................................................................................................ 2

II.    PPAS'S FEE OBJECTION SHOULD BE OVERRULED ................................................. 5

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Canal Asphalt, Inc.*,
  15-bk-23094, 2017 WL 1956849 (Bankr. S.D.N.Y. May 10, 2017) .................................. 9, 10

*Industrial Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust*,
  688 F. Supp. 2d 229 (W.D.N.Y. 2010) ............................................................................ 8

*In re KDI Holdings, Inc.*,
  277 B.R. 493 (Bankr. S.D.N.Y. 1999) ............................................................................. 8

*Kirsch v. Fleet Street, Ltd.*,
  148 F.3d 149 (2d Cir. 1998) ........................................................................................... 11

*Krivo Industrial Supply Co. v. Nat'l Distillers and Chem. Corp.*,
  483 F.2d 1098 (5th Cir. 1973) ........................................................................................ 8

*LaMonica v. Tilton (In re TransCare Corp.)*,
  592 B.R. 272 (Bankr. S.D.N.Y. 2018) ............................................................................. 9

*LaMonica v. Tilton (In re TransCare Corp.)*,
  602 B.R. 234 (Bankr. S.D.N.Y. 2019) ............................................................................. 9

*Marion S. Mishkin Law Office v. Lopalo*,
  767 F.3d 144 (2d Cir. 2014) ........................................................................................... 11

*Mendez v. County of San Bernadino*,
  540 F.3d 1109 (9th Cir. 2008) ........................................................................................ 11

*Mayo-Coleman v. Am. Sugars Holding, Inc.*,
  14-cv-79, 2019 WL 1034078 (S.D.N.Y. Mar. 5, 2019) .................................................... 10

*NML Capital v. Republic of Argentina*,
  17 N.Y.3d 250 (2011) ..................................................................................................... 3

*NYS Ass'n for Retarded Children, Inc. v. Carey*,
  711 F.2d 1136 (2d Cir. 1983) ......................................................................................... 11

*In re Palermo*,
  08-cv-7421, 2011 WL 3874866 (S.D.N.Y. Sept. 2, 2011) ............................................... 6

*In re Palermo*,
  549 Fed. App'x 38 (2d Cir. 2014) ................................................................................... 6

*Posner v. S. Paul Posner 1976 Irrevocable Family Trust*,
   12 A.D.3d 177 (1st Dep't 2004) ............................................................................. 8

*Prager v. N.J. Fid. & Plate Glass Ins. Co.*,
   245 N.Y. 1 (1927) .................................................................................................... 3

*In re Provident Royalties, LLC*,
   581 B.R. 185 (N.D. Tex. 2017) ................................................................................ 4

*Riviera Produce Corp. v. Michael Park*,
   155968/2017, 2019 WL 1491672 (Sup. Ct. N.Y. Co. April 4, 2019) ....................... 6

*In re Saint Vincent's Catholic Medical Centers of New York*,
   440 B.R. 587 (Bankr. S.D.N.Y. 2010) ..................................................................... 7

*Spodek v. Park Property Dev. Assocs.*,
   96 N.Y.2d 577 (2001) .............................................................................................. 3

*UrbanAmerica, L.P. II v. Carl Williams Group, L.L.C.*,
   95 A.D.3d 642 (1st Dep't 2012) ............................................................................... 8

**Statutes**

11 U.S.C. § 328 ................................................................................................................. 6

11 U.S.C. § 330 ........................................................................................................... 7, 10

11 U.S.C. § 506 ................................................................................................................. 9

11 U.S.C. § 550 ..................................................................................................... 1, 3, 4, 5

15 U.S.C. § 1117 ............................................................................................................. 11

42 U.S.C. § 1988 ............................................................................................................. 11

Debtor and Creditor Law § 276-a (pre-April 4, 2020) ................................... 1, 2, 5, 6, 11

Debtor and Creditor Law § 277 (post-April 4, 2020) ...................................................... 5

Debtor and Creditor Law § 278 (pre-April 4, 2020) ....................................................... 4

Business Corporation Law § 626 .................................................................................... 11

Plaintiff Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee, submits this reply in support of his application for an award of reasonable attorney's fees against defendant Patriarch Partners Agency Services, LLC ("PPAS") pursuant to FRBP 7054 and Debtor and Creditor Law ("DCL") [§ 276-a](#) (pre-April 4, 2020).

## INTRODUCTION

Over a year passed between entry of the $39.2 million Bankruptcy Court judgment against PPAS on the fraudulent transfer claim (ECF [#141](#)) and the $38.2 million District Court amended judgment against Tilton on the fiduciary duty claim (20-cv-6274 ECF [#23](#)) that included prejudgment interest, because Tilton objected to (a) the Bankruptcy Court's proposed findings of fact and conclusions of law (20-cv-6274 ECF [#9](#), overruling objections to ECF [#138](#), "PFC") and (b) the Trustee's prejudgment interest application to the District Court (20-cv-6274 ECF [#18](#)). Given the passage of time and low post-judgment interest rate, the dollar amount paid on the Tilton judgment ($51.5 million) is greater (PPAS says $6.3 million greater, ECF [#178](#), "Objection" at 9) than the amount due on the PPAS judgment.

PPAS argues the application should be denied on that basis, on the theory that 11 U.S.C. [§ 550](#)(d) permits "equitable offset" of its DCL [§ 276-a](#) liability against prejudgment interest the Trustee recovered from Tilton. This argument fails because it would defeat the purpose of prejudgment interest and [§ 550](#), discussed below.

PPAS also argues that the application should be denied in its entirety because Storch Amini PC timekeeping (but not the other firms') is deficient. PPAS contends "that no more than $24,000 of his appended invoices [referring to Storch Amini PC invoices] are traceable to his compensable fraudulent conveyance claim", and entries relating to entries relating to the fiduciary duty and other claims, discovery, jurisdiction, motion practice, case strategy etc. are "facially … non-compensable". This argument fails. At the outset, Judge Bernstein expressly held that there was

1

an entitlement to fees in litigating the adversary proceeding: "The Court has found that TransCare made and PPAS received the Subject Collateral with actual intent to hinder and delay TransCare's creditors. This finding … entitles the Trustee to an award of reasonable attorney's fees to be fixed by the Court." (PFC at 80.) Moreover, the fiduciary duty and other claims directly relate to the subject fraudulent conveyance. Indeed, PPAS acknowledged (Objection at 4, quoting PFC at 79) that "[t]he damages for breach of fiduciary duty and the fraudulent conveyance remedy the same injury". PPAS does not identify any meaningful work counsel should not have done in seeking to recover on the fraudulent conveyance claim, presumably because much of the work was driven by PPAS's multiple motions that were defeated in whole or in part or adjourned *sine die*, discovery and trial of the fraudulent conveyance claims. Insofar as there is an issue with specified Storch Amini PC time entries, the appropriate course is to disallow the entries or apply a percentage reduction, not deny the application in its entirety. As the objection is directed to its time, appellate counsel's fees should be allowed. Moreover, interest should be awarded on allowed fees and expenses to April 11, 2024, the initial objection deadline on the subject application.[1]

## ARGUMENT

**I.    PPAS CANNOT PAY ITS DCL § 276-a LIABILITY WITH INTEREST RECOVERED FROM TILTON**

1.    PPAS argues that attorneys' fees should be denied because "'[PPAS] is entitled to offset its liability [for principal, interest and attorneys' fees] by any amount that the Trustee has already received' for the same transfer from other sources—*i.e.*, Ms. Tilton." (Objection at 8.)

---

[1] The Trustee has agreed to waive post-April 11, 2024 interest.

2. This novel argument, unsupported by any case law,[2] should be rejected because it would defeat the purpose of prejudgment interest and § 550.

3. The purpose of prejudgment interest is "to compensate the creditor for the loss of use of money the creditor was owed during a particular period of time." *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 266 (2011). We are unaware of authority permitting use of prejudgment interest on one judgment (that against Tilton) as currency for a separate liability (attorneys' fees PPAS owes). To do so would deprive the Trustee of delay damages that "must be added [to the judgment] to make the plaintiff whole." *Spodek v. Park Property Dev. Assocs.*, 96 N.Y.2d 577, 581 (2001) (quoting *Prager v. N.J. Fid. & Plate Glass Ins. Co.*, 245 N.Y. 1, 5-6 (1927)).

4. Significantly, *Provident Royalties* (cited in Objection at 6, 7, 8, 9, 11) rejected defendant's proposed application of Texas state law proportionate liability rules not incorporated in § 550, not just on the ground "that federal, not state law, governs application of the single satisfaction rule under section 550(d)", but also on the ground that their application would defeat the statutory purpose of enabling the trustee to obtain a complete satisfaction:

> The aim of section 550(a) is to allow the trustee to follow the property that has been transferred away from the debtor. The statute does not speak in terms of assigning damages to different parties or apportioning fault or responsibility for damages. Rather, the statute refers to the trustee's ability to recover the transferred property, or the value of such property, from the parties that received it …
>
> If a partial recovery … always impaired the ability of the trustee to pursue the remainder of its claim … the purpose of section 550 would be thwarted. The Court in *Prudential* specifically cautioned

---

[2] None of the roughly two dozen decisions PPAS cites in the section of its brief devoted to this issue (Objection at 6-9) discuss the interplay between § 550(d) and prejudgment interest let alone PPAS's setoff defense.

3

> against adoption of the single satisfaction rule that would prevent complete satisfaction.

*In re Provident Royalties, LLC*, 581 B.R. 185, 191, 193 (N.D. Tex. 2017).

5. The same principle should apply here. If full recovery of the Tilton judgment impaired the ability to recover the PPAS judgment, including the $1 million delta in principal amount of the respective judgments (see ECF [#141](#), 20-cv-6274 ECF [#23](#)),[3] attorneys' fees and interest, the statutory purpose would be defeated as it would thwart complete satisfaction. That "section 550(d) must be applied on a transfer-by-transfer basis" (*Provident Royalties, LLC*, 581 B.R. at 195) makes no difference, as none of the decisions PPAS cites permit use of prejudgment interest as currency to pay a liability of a different debtor in a greater amount resulting from the same transfer.

6. PPAS's argument that "New York law independently requires an offset" ([Objection](#) at 9) fails because, as noted above, federal law governs application of the single satisfaction rule under [§ 550](#)(d). *Provident Royalties*, 581 B.R. at 191 (citing *Prudential*, 478 F.3d at 1298-1301). Even if state law applied, it would be the Uniform Fraudulent Conveyance Act ("UFCA") not the Uniform Voidable Transactions Act ("UVTA") because the subject transfer was pre-2020. Neither permits let alone mandates an "equitable offset." The UFCA's recovery provision (DCL [§ 278](#) pre-April 4, 2020) (the parties agree that the Trustee's claim for attorneys' fees is "matured", [Objection](#) n.3), which again does not apply because federal not state law governs application of [§ 550](#) (*Provident Royalties*, 581 B.R. at 191), only permitted a court to set aside or annul an obligation or disregard the conveyance and attach or levy execution on the property conveyed; and common law only allowed a money judgment when those remedies could not be accomplished as

---

[3] PPAS does not address the $1 million delta.

4

a result of subsequent transfers, comingling etc. The UVTA provides for similar remedies, but expressly permits entry of a money judgment against a transferee or person for whose benefit a transfer was made (DCL § 277(c)), albeit in an amount that is subject to "adjustment" "as the equities may require". It too does not provide for "equitable offset" of DCL § 276-a liabilities against prejudgment interest on a separate judgment. The sole decision cited in support of the proposition that the UFCA "authorize[s] equitable offsets", *M&T Trust Co. v. Lauer's Furniture Acquisition*, 226 A.D.2d 1056 (4th Dep't 1996) states no such thing. Rather, it permitted a money judgment against the transferee of substantially all the debtor's assets based on said assets having been commingled, and a money judgment against the debtor's president and sole shareholder in the amount of property transferred to him plus interest. *Id*. at 1057. It does not address state law single satisfaction principles let alone § 550(d) or offsets of one judgment against the total amount of another with interest.

7. PPAS's standing objection (Objection at 11) fails because it is based on the false premise that an attorneys' fee award can be satisfied from prejudgment interest on a different judgment.

## II. PPAS'S FEE OBJECTION SHOULD BE OVERRULED

8. The application seeks to recover three categories of attorneys' fees and expenses, for time and expenses incurred during different phases of this litigation (see ECF #169 at 3):

- Bankruptcy Court: $2,926,125.90 in time and $95,262.55 in expenses incurred to Storch Amini PC.

- District Court: $138,764.70 in time and $2,913.50 in expenses incurred to Amini LLC.

- Second Circuit: $1,409,7990.50 in time and $36,074.25 in expenses incurred to Sidley Austin LLP.

Totaling $4.6 million—an amount equal 9% of the $51.2 million recovered from Tilton, even though DCL [§ 276-a](#) permits recovery of a contingency fee. *E.g. Riviera Produce Corp. v. Michael Park*, 155968/2017, 2019 WL 1491672 (Sup. Ct. N.Y. Co. April 4, 2019) (confirming "referee's contingent award … for attorneys' fees").

9. PPAS asks the Court to deny the application in its entirety on the ground that the subject time and expense detail do not permit PPAS to assess the reasonableness of the subject fees and expenses. ([Objection](#) at 22.) This objection should be overruled.

10. At the outset, the Trustee could have simply applied to recover its contingency fee to Storch Amini PC and Amini LLC from PPAS ($17 million), because those fees were pre-approved as reasonable under 11 U.S.C. [§ 328](#), and so would presumably be considered reasonable under DCL [§ 276-a](#). *In re Palermo*, 08-cv-7421, 2011 WL 3874866, at *18 (S.D.N.Y. Sept. 2, 2011) ("the statute only requires that the fees set by the judge be 'reasonable'"), *aff'd*, 549 Fed. App'x 38 (2d Cir. 2014); 11 U.S.C. [§ 328](#) (permitting pre-approval of employment "on any reasonable terms … including … on a fixed or percentage fee basis, or on a contingent fee basis"). And this Court already found ([PFC](#) at 38), "[t]he overriding claim involved the damages to the Debtors through the execution of what has been described above as the Tilton Plan" which is the subject of the fraudulent conveyance claim. *See also* DCL [§ 276-a](#) ("The fee so fixed shall be without prejudice to any agreement express or implied between the trustee in bankruptcy … and his attorney with respect to the compensation of such attorney"); *Riviera Produce*, 2019 WL 1491672 (quoted above). Instead, the Trustee sought only to recover hourly time and expenses in a much lower amount, and only for the time devoted to litigating the adversary proceeding and PPAS's appeals of the fraudulent transfer judgment. The Trustee should not be penalized for pursuing a route that presents less liability to PPAS.

11. PPAS does not object to time and expenses for appellate proceedings, except for twenty-six hours from September 30-October 20, 2020 (Objection at 16-17) as to which the objection is not relatedness to the subject transfer but rather lumping. No objection is interposed as to Sidley Austin LLP's time or expenses. The sole objection interposed as to Sidley Austin LLP is that its time detail is incorporated by reference (id. at 22) rather than attached to the application. However, this Court previously approved said fees and as reasonable under 11 U.S.C. § 330, the scope of its retention was limited to litigating second circuit appeals concerning the subject fraudulent transfer (ECF #716) and it is well established that this Court may take judicial notice of prior orders granting its fee applications (ECF #738, #760) in the amounts requested in the corresponding applications (ECF #727, #727-2, #727-3, #727-4, #747, #747-1, #747-2, #747-3, #747-4) filed pursuant to § 330. *In re Saint Vincent's Catholic Medical Centers of New York*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) ("The Court takes judicial notice of the docket in the underlying bankruptcy case").[4]

12. The sole objection interposed as to Storch Amini PC's expenses concerns twelve $20 pre-May 4, 2018 meals (Objection at 22) which the Trustee has no issue deducting from the amount sought.

13. The objection is directed almost exclusively to Storch Amini PC time. The principal objection is that the entries, other than around $24,000 worth of time specifically quoted in the objection, are not sufficiently related to the subject fraudulent conveyance (id. at 14-17) to warrant compensation, with entries relating to the fiduciary duty claim, discovery, jurisdiction and case strategy asserted to be "facially … non-compensable" (id. at 17-18). PPAS also argues too

---

[4] The corresponding applications with time detail were specifically referenced in the application (ECF #169 at n.1 and ¶54).

much time detail is detail is lumped, duplicative, vague or "refer[s] vaguely to the litigation as a whole", with certain tasks excessively billed.

14. That argument fails. The parties to this contested matter would agree, the relevant standard is whether time is "directly related to or inextricably intertwined with the fraudulent conveyance issue." *Posner v. S. Paul Posner 1976 Irrevocable Family Trust*, 12 A.D.3d 177, 179 (1st Dep't 2004) (cited approvingly in *UrbanAmerica, L.P. II v. Carl Williams Group, L.L.C.*, 95 A.D.3d 642, 644 (1st Dep't 2012), cited in Objection at 13).

15. The PFC makes clear virtually every aspect of this case "directly related to" the eve-of-bankruptcy foreclosure that is the subject of the fraudulent conveyance claim: "The overriding claim involved the damages to the Debtors through the execution of what has been described above as the Tilton Plan". (Id. at 38.) The fiduciary duty and equitable subordination claims were based on that transaction. (Id.) PPAS knows this having acknowledged (Objection at 4, quoting PFC at 79) "[t]he damages for breach of fiduciary duty and the fraudulent conveyance remedy the same injury", and also having successfully moved the Second Circuit (21-2576, ECF #29) to have PPAS's fraudulent conveyance appeal and Tilton's fiduciary duty appeal considered in tandem on that basis. The lender liability claims likewise relate, as that is simply shorthand for the same breach of the same duty. *In re KDI Holdings, Inc.*, 277 B.R. 493, 515-16 (Bankr. S.D.N.Y. 1999) (citing *Krivo Industrial Supply Co. v. Nat'l Distillers and Chem. Corp.*, 483 F.2d 1098, 1105 (5th Cir. 1973)); *Industrial Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust*, 688 F. Supp. 2d 229, 239 (W.D.N.Y. 2010) (also citing *Krivo*).

16. The only claims whose summary description (PFC at 38) did not include the subject transaction is the Ark II claims for recharacterization, lien avoidance/limitation and recovery of postpetition transfers; and subordination of PPAS's claim based upon avoidance of Ark II's lien.

(Id. at 39.) Yet those also "directly relate" because the Ark II loan provided emergency funding to buy insurance coverage January 15, 2016 in furtherance of the transaction which closed just a month later, and Ark II "was to own 54.7% of Transcendence Transit", the transferee. (Id. at 18, 29-31, 50, 81 n.40.)

17. PPAS's motions to dismiss (decisions at ECF #40 reported at 592 B.R. 272 and ECF #78 reported at 602 B.R. 234), summary judgment motion (adjourned *sine die* immediately before trial, ECF #108) and *in limine* motions concerning Credit Suisse documents (PFC at 20-25, 64-65, 75, 85-86) and testimony of the Trustee's expert (id. at 59-67, 77) specifically discussed in the PFC, as well as discovery and trial naturally focused on all of these claims. By PPAS's logic, the Trustee is not entitled to recover for services related to the foregoing because the corresponding entries do not use the right magic words e.g. fraudulent, transfer, convey, intent, etc. (Objection at 17, "the above survey shows that no more than $24,000 of his appended invoices are traceable to his compensable fraudulent conveyance claim", bolding PPAS's magic words). Respectfully that is not the law. The absence of magic words should not matter where the record is clear virtually all legal services rendered related one way or another to the foreclosure on which the fraudulent conveyance judgment is based.

18. This is not *In re Canal Asphalt, Inc.*, 15-bk-23094, 2017 WL 1956849, at *9 (Bankr. S.D.N.Y. May 10, 2017), relied on by PPAS, where the applicant tried to use the fee statute (there 11 U.S.C. § 506(b)) to recover for work unrelated to obtaining a recovery on the claim ("almost all of the entries relate not to obtaining a full recovery on the claim, or work that counsel would normally undertake to ensure that result, but rather, (a) acquiring the claim from Signature, (b) pursuing a third-party guaranty by the Debtor's principles in state court and (c) primarily, implementing Peckham's acquisition strategy, which … was Peckham's main, if not exclusive,

9

focus in this case"). The Trustee should not be penalized for its counsel's personnel not invoking magic words enough in their contemporaneously maintained time detail in this complex litigation. Nor should timekeepers be held to the standards of the amended guidelines (Objection at 20-23) given that this is not a § 330 fee application and any fee award would not serve to diminish recoveries of any non-PPAS creditor.

19. As in *Canal Asphalt*, the relevant inquiry is whether a reasonable trustee would have incurred the services that are the subject of the application. PPAS does not point to any meaningful work undertaken, filing etc. that should not have been done or made, instead falsely claiming that the fiduciary duty and other claims do not concern the subject fraudulent transfer ("A fair review of the Trustee's billing entries reveals only trace work 'incurred because of, but only because of,' the fraudulent conveyance claim", Objection at 14) and griping about work given to summer associates (in this contingency case), paralegals ordering lunch for depositions that PPAS's counsel ate, one full-day client meeting immediately before and during trial, and alleged duplicative or excessive billing on a smattering of individual entries, out of the 143 pages of Storch Amini PC time detail filed with the application.

20. Insofar as the Court determines time detail is not directly related enough, or that the Court cannot determine the reasonableness of a given entry or entries, whether as a result of block billing or otherwise,[5] the appropriate course is not to deny the application in its entirety (even the time and expense detail not objected to) as PPAS proposes, but rather to apply an across the board percentage reduction to Storch Amini PC's time in a percentage it deems appropriate.

---

[5] "[B]lock billing, is not per se prohibited, but where such entries make it hard to discern the reasonableness of time allotted to a given task, courts do consider its prevalence in deciding whether reduction is appropriate." *Mayo-Coleman v. Am. Sugars Holding, Inc.*, 14-cv-79, 2019 WL 1034078, at *5 (S.D.N.Y. Mar. 5, 2019). It should be noted however, that even the amended guidelines permit block billing in amounts up to a half hour.

*Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *NYS Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)) ("the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application'"); *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) ("the district court is not obligated to undertake a line-by-line review … Using this form of 'rough justice', district courts in our Circuit regularly employ percentage reductions as an efficient means of reducing excessive fee applications … The district court may choose whatever option it deems best").

21. Particularly given the mandatory nature of DCL § 276-a fee awards. *Eckhaus v. Blauner*, 94-cv-5365, 1997 WL 362166, at *9 (S.D.N.Y. June 26, 1997) ("The awarding of attorney's fees in such circumstances is mandatory" citing the statutory language "the justice … shall fix the reasonable attorney's fees of the … trustee in bankruptcy … and the … trustee … shall have judgment therefor"). *Cf.* 15 U.S.C. § 1117; 42 U.S.C. § 1988(b); Business Corporation Law § 626(e) (each giving discretion to award prevailing party attorney's fees). *See also Mendez v. County of San Bernadino*, 540 F.3d 1109, 1127-28 (9th Cir. 2008) (reversing denial of attorney's fees under § 1988(b) when "there is no evidence that her fee request was either made in bad faith or contained excessive hours spent on unrelated claims"). And Judge Bernstein's determination (PFC at 80, quoted above) that the Trustee is entitled to a fee award.

## **CONCLUSION**

22. This Court should grant the Trustee's DCL § 276-a application in such amount as it deems proper, together with prejudgment interest on attorneys' fees and expenses awarded from the respective dates specified in the application (ECF #169 at 3, ¶58) to April 11, 2024 and such other and further relief as the Court deems appropriate.

Dated: New York, New York
       October 21, 2024

Amini LLC

/s/ Avery Samet
Avery Samet
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff