Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff-Judgment Creditor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> TRANSCARE CORPORATION, et al., <br><br><br> Debtors. | Chapter 7 <br><br> 16-bk-10407 (DSJ) <br><br><br> (Jointly Administered) |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al., <br> Plaintiff, <br> v. <br> LYNN TILTON, et al., <br> Defendants. | 18-ap-1021 (DSJ) |

**MOTION FOR TURNOVER OF PPAS FUNDS ON
DEPOSIT AT TRUIST BANK AND FOR LEAVE TO REGISTER
PPAS JUDGMENT IN WESTERN DISTRICT OF NORTH
CAROLINA AND DISTRICT OF MASSACHUSETTS**

Plaintiff-judgment creditor Salvatore LaMonica, as Chapter 7 trustee ("Trustee") moves for an order directing Truist Bank to turnover to the Trustee all funds on deposit in accounts titled in the name of defendant-judgment debtor Patriarch Partners Agency Services, LLC ("PPAS"), including Account -7669 (last 4 digits), pursuant to CPLR § 5225(b) and § 5227, made applicable by FRCP 64 and 69, and for leave to register the Trustee's $2,765,358.84 judgment against PPAS (ECF #191, "Judgment") in the Western District of North Carolina and District of Massachusetts, pursuant to 28 U.S.C. § 1963, and states:

    1.     The Judgment was entered on February 7, 2025.  (See also ECF #190 (decision).)

2. PPAS has appealed (ECF #192) the Judgment but has not posted a bond or other security under FRCP 62.

3. No payments have been made towards satisfaction of the Judgment. (LaMonica Decl. ¶1.)

4. Truist Bank advised in response to an information subpoena (Exhibit 1) that it froze $96,930.83 on deposit in Account -7669 titled in the name of PPAS, in response to a restraining notice.[1]

5. "Section 5225 permits a court to require a third party to pay a judgment creditor from funds belonging to a judgment debtor, but only '[u]pon a special proceeding by the judgment creditor." *Ideavillage Products Corp. v. Liuzhou Weimao Mobile Accessory Co., Ltd.*, 2021 WL 3621788, at *7 (S.D.N.Y. Aug. 16, 2021). § 5227 similarly provides "[u]pon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment …"

6. In Federal courts, "[t]he special proceeding requirement is satisfied where a judgment creditor brings a motion pursuant to Rule 69(a) against the third party in possession of the judgment debtor's assets." *Ideavillage*, 2021 WL 3621788, at *7 (citing *N. Mariana Islands v. Millard*, 845 F. Supp. 2d 579 (S.D.N.Y. 2012), *Mitchell v. Lyons Professional Services, Inc.*, 727 F. Supp. 2d 120 (E.D.N.Y. 2010)). The Trustee is bringing such motion here. *See also* CPLR § 103(c) ("If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever

---

[1] Exhibit 1 is Truist Bank's amended information subpoena response. Its original information subpoena response (Exhibit 2) stated "Please be advised, accounts located and disclosed in response to this interrogatory … are not located in branches in the State of New York … [Rather,] the account(s) are located in the State of North Carolina."

order is required for its proper prosecution. If the court finds it appropriate in the interests of justice, it may convert a motion into a special proceeding, or vice versa, upon such terms as may be just …").

7. This Court has jurisdiction over Truist Bank because it "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). More specifically, it maintains an [office](#) at 50 Hudson Yards; and [Truist's website](#) indicates it has Managing Directors, Vice Presidents, Wealth Advisors, Trust Advisors and Relationship Managers working out of that office. *See also Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (person is considered to do business in New York if it maintains an office within the state, has solicited business within the state, maintains property within New York and employs individuals in New York).

8. The Trustee also seeks leave to register the Judgment in the Western District of North Carolina and District of Massachusetts pursuant to 28 U.S.C. § 1963, which provides "a judgment in an action for the recovery of money … entered in any … bankruptcy court … may be registered by filing a certified copy of the judgment in another district … when [1] the judgment has become final by appeal or expiration of the time for appeal or [2] when ordered by the court that entered the judgment for good cause shown."

9. PPAS's appeal (25-cv-1691-PAE) is still pending,[2] so it may only be registered in another district if a finding of good cause is made.

10. "'Good cause' can be established 'upon a mere showing that the defendant has substantial property in the other [foreign] district court and insufficient [property] in the rendering

---

[2] Notice was given May 8, 2025 that the record was sent and is electronically available, so under FRBP 8018(a)(1), PPAS's appeal brief is due June 9, 2025.

district to satisfy the judgment." *Jack Frost Laboratories, Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997). *See also Gov't Employees Ins. Co. v. Mayzenberg*, 2022 WL 21304589, at *2 (E.D.N.Y. Oct. 4, 2022) (good cause "requires *some* evidence that the non-movant (i) holds asset in another district, or reasonable inferences suggesting the same; and (ii) lacks sufficient assets in the rendering district").

11. The good cause requirements are satisfied by PPAS's information subpoena response (Exhibit 3) which demonstrates its sole assets are the above-referenced funds on deposit at Truist Bank, and litigation claims. The North Carolina assets warranting registration are funds on deposit at Truist Bank. (¶4 & Footnote 1, supra.) *See also WAG SPV I, LLC v. Fortune Global Shipping & Logistics, Ltd.*, 612 F. Supp. 3d 321, 332 (S.D.N.Y. Mar. 27, 2020) (discussing *Motorola Credit Corp. v. Standard Chartered Bank*, 24 N.Y.3d 149, 158 (2014)) (under separate entity rule, "a … turnover order served on a New York branch will be effective for assets held in accounts at that branch but will have no impact on assets in other branches"); *Nike, Inc. v. Wu*, 349 F. Supp. 3d 310, 341 n.16 (S.D.N.Y. 2018) (similar). The Massachusetts assets are PPAS's litigation claim against United Textile Machinery Corp., Inc. and jury verdict (Exhibit 4) against said company, not yet reduced to judgment.

12. Notice of this motion is being served on Truist Bank via its registered agent (its "preferred method" of service, Exhibit 5) and by email, and on PPAS by ECF. This service method comports with CPLR § 5225(b) and § 5227, which permit service in the same manner as a summons. *See* Business Corporations Law § 306(a) (permitting service of process via registered agent).

13. No prior application for the relief requested herein has been made to this Court or to any other court.

WHEREFORE, this Court should enter an order directing Truist Bank to turnover to the Trustee all funds on deposit in accounts titled in the name of PPAS including Account -7669, granting leave to register the Judgment in the Western District of North Carolina and District of Massachusetts, finding that good cause exists for said relief and granting such other and further relief as this Court deems just and proper.

Dated: New York, NY
       May 16, 2025

Amini LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Counsel for Plaintiff-Judgment Creditor