UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>TRANSCARE CORPORATION, et al.,<br>　　　　　　　　　　　Debtors. | Chapter 7<br><br>16-bk-10407-DSJ |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al.,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>LYNN TILTON, et al.,<br>　　　　　　　　　　　Defendants. | 18-ap-01021-DSJ<br><br>**INFORMATION SUBPOENA WITH RESTRAINING NOTICE**<br>Potential Account Nos. (Last 4 Digits): -7669 -5415 |

To:　Truist Bank
　　　50 Hudson Yards
　　　New York, NY 10001
　　　Attn: Scott Stengel, Chief Legal Officer

WHEREAS, in an action in the United States Bankruptcy Court for the Southern District of New York, between Salvatore LaMonica, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al. and Shameeka Ien, as plaintiffs, and Lynn Tilton, Patriarch Partners Agency Services, LLC, Patriarch Partners, LLC, Patriarch Partners Management Group, LLC, ARK II CLO 2001-1, Limited, ARK Investment Partners II, L.P., LD Investments, LLC, Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Transcendence Transit, Inc. and Transcendence Transit II, Inc., as defendants, who are all the parties named in the action, a judgment was entered on February 7, 2024, in favor of Salvatore LaMonica, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al., judgment creditor, and against Patriarch Partners Agency Services, LLC, judgment debtor, in the amount of $2,765,358.84, of which $2,765,358.84, together with interest thereon from said date, remains due and unpaid.

NOW, THEREFORE, WE COMMAND YOU, to make answer to the within questions in writing under oath and return the original of the questions together with your answers to the undersigned in the prepaid addressed return envelope accompanying this subpoena within seven days of their receipt. False swearing or failure to comply with this subpoena is punishable as a contempt of court.

## RESTRAINING NOTICE

Pursuant to CPLR 5222(b), which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer or interference with, any property of the judgment debtor to any person other than the sheriff, except under direction of the sheriff or pursuant to order of the court, until the expiration of one year after this notice is served upon you, or until the judgment is satisfied or vacated, whichever event occurs first. Disobedience of this restraining notice is punishable as a contempt of court.

## CPLR 5222(b)
### Effect of restraint; prohibition of transfer; duration.

A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW AND THAT I HAVE A REASONABLE BELIEF THAT THE PERSON RECEIVING THIS SUBPOENA HAS IN HIS POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.

Dated: New York, NY
      March 12, 2025

Amini LLC

_/s/ Jeffrey Chubak_
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 497-4247
jchubak@aminillc.com
Attorneys for Plaintiff-Judgment Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**\*AMENDED\***

| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al., | |
| Debtors. | 16-bk-10407-DSJ |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation, et al., | 18-ap-01021-DSJ |
| Plaintiff, | **INFORMATION SUBPOENA QUESTIONNAIRE** |
| v. | |
| LYNN TILTON, et al., | |
| Defendants. | |

Question 1

Identify each account titled in the name of Patriarch Partners Agency Services, LLC that has been frozen by the accompanying restraining notice, and for each account state the amount has been frozen.
  PATRIARCH PARTNERS AGENCY SERVICES LLC Checking xx7669 Balance: 96,930.83 Holding: $96,930.83
Answer


I affirm this 22 day of April, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that Truist Bank is the recipient of an information subpoena herein and of a copy and original of the above written questions together with a prepaid, addressed return envelope, that the foregoing answers to the above written questions are true and complete, and I understand that this document may be filed in an action or proceeding in a court of law.

Truist Bank

By: *[signature]*
Name: Marissa Bungert
Title: Dep & Payment Ops Specialist

Original of Information Subpoena Questionnaire