Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark A. Perry
Christopher Conrad
WEIL, GOTSHAL & MANGES LLP
2001 M St NW #600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

*Counsel for Defendant Patriarch
Partners Agency Services, LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TRANSCARE CORPORATION, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 16-10407-DSJ<br><br>(Jointly Administered) |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the Jointly-Administered Estates of TransCare Corporation*, et al.*,<br>Plaintiffs,<br>v.<br>LYNN TILTON, *et al.*,<br>Defendants. | Adv. Pro No. 18-AP-01021-DSJ |

**RESPONSES AND OBJECTIONS OF
PATRIARCH PARTNERS AGENCY SERVICES, LLC
<u>TO PLAINTIFF'S INFORMATION SUBPOENA</u>**

Pursuant to Federal Rule of Civil Procedure 69 (applicable through Fed. R. Bankr. P. 7069) and New York Civil Practice Law and Rules ("CPLR") § 5224, Patriarch Partners Agency Services, LLC ("PPAS"), by and through its attorneys, Weil, Gotshal & Manges LLP, and in accordance with the agreement of the parties,[1] hereby responds and objects to Plaintiff's Information Subpoena dated March 12, 2025 (the "Subpoena") and the questions in the accompanying questionnaire (the "Requests," and each question, a "Request").[2]

## PRELIMINARY STATEMENT

PPAS's responses and objections herein are based and will be based only upon the information that is currently available to and specifically known to PPAS as of the date hereof. PPAS reserves the right to supplement these responses and objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from the objections as a result of mistake, error, or inadvertence.

PPAS's responses pertain to the information subpoena only, and do not address the accompanying restraining notice. PPAS's responses are made without prejudice to, and PPAS fully reserves, its right to respond, move in response to, or take any other action pertaining to the restraining notice, including but not limited to moving under CPLR § 5240 to vacate or modify it. PPAS also reserves the right to move to quash, fix conditions, or modify the Subpoena.

---

[1] Plaintiff and PPAS have agreed to an initial response date of May 12, 2025.

[2] In lieu of physical service, PPAS's counsel accepted electronic service of the Subpoena.

## GENERAL OBJECTIONS

1.      The following General Objections form a part of, and are hereby incorporated in, each and every Response as set forth below. These General Objections govern the scope of any search for information and response by PPAS.

2.      PPAS objects to the Subpoena, and to each and every Request, on the basis that the Subpoena lists an incorrect judgment date and thus fails to comply with the notice requirements of the CPLR. *See, e.g.*, *Levy v. L. Offs. of J. Henry Nierman*, No. 17-04022 (NSR), 2022 WL 17542418, at *6 (S.D.N.Y. Dec. 8, 2022); *Manta Indus., Ltd. v. TD Bank, Nat'l Ass'n*, No. 17-2495 (LAP), 2018 WL 2084167, at *4 (S.D.N.Y. Mar. 29, 2018); *LR Credit 21, LLC v. Burnett*, 40 Misc.3d 854, 967 N.Y.S.2d 916, 919 (N.Y. Civ. Ct. 2013).

3.      PPAS objects to the Subpoena, and to each and every Request, to the extent they purport to demand information or impose burdens or obligations upon PPAS that are inconsistent with, beyond the scope of, not authorized by, or different from, the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the CPLR, the Local Rules of the United States Bankruptcy Court for the Southern District of New York ("the Court"), and the Court's chambers practices and prior orders (collectively, the "Governing Rules").

4.      PPAS objects to the Requests to the extent that they are overbroad, vague, and/or ambiguous, seek information that is not relevant to the satisfaction of judgment, or will impose undue burden and expense.

5.      PPAS objects to the Requests to the extent that they seek documents or information protected by the attorney-client privilege or any other applicable privilege, protection, immunity, doctrine, law, rule, or regulatory policy recognized by law. Any disclosure of documents or things protected from discovery by the attorney-client privilege, the attorney work product doctrine, or

any other applicable privilege, protection, immunity, law, rule, or policy is inadvertent and should not be construed to constitute a waiver of any such privilege or protection.

6. PPAS objects to the Requests to the extent that they purport to demand information otherwise reasonably available to Plaintiff by other means including, without limitation, from parties to this litigation, publicly available sources, or which are more readily or properly ascertained through other discovery procedures.

7. PPAS objects to the Requests to the extent they purport to seek information outside the possession, custody, or control of PPAS.

8. PPAS objects to the Requests as overly burdensome to the extent they seek to require PPAS to formulate or aggregate information, make certain calculations, or otherwise present information in a manner that PPAS does not make, use, or maintain in the ordinary course of its business.

9. PPAS objects to the Requests to the extent they require the review of electronically stored information that is not reasonably accessible, including information that may be located in email archives, on the grounds that such a requirement imposes an expensive and time-consuming burden on PPAS and is thus overbroad and unduly burdensome.

10. PPAS objects to the Requests to the extent they call for a legal conclusion, call for speculation, lack foundation, assume facts, or assume that PPAS provides services that it does not. PPAS's response to any individual Request shall not be construed as an admission of, or concession of the existence of, any fact stated in or assumed by any such Request.

11. Because PPAS reasonably believes that its responses contain confidential, proprietary, private sensitive, or secret information, it designates them as confidential under the stipulation entered on September 23, 2020 (ECF No. 163, Adv. Proc. No. 18-1021) applying the

Stipulated Protective Order Governing Non-Disclosure of Confidential Information from the underlying bankruptcy case (ECF No. 545, Case No. 16-10407) (collectively, the "Protective Order").

12. PPAS reserves the right to object on any ground to the use of any disclosed information in any subsequent or related proceeding.

13. PPAS objects to the Requests to the extent that they seek documents or things subject to confidentiality or nondisclosure agreements with third parties. To the extent such relevant and responsive documents or information exist, their incorporation into PPAS's responses is subject to the Protective Order.

14. To the extent any Request seeks information related to or otherwise concerning assets or other property of PPAS, PPAS's response will be limited to assets or other property owned by PPAS, or in which PPAS has an equitable interest. To the extent PPAS holds or controls (or has held or had controlled) any assets or other property of other parties and/or for the benefit of other parties, in its capacity as an administrative agent, such assets or other property are not subject to attachment and/or garnishment by the Plaintiff and therefore documents and information related thereto are neither relevant nor responsive. *See, e.g.*, 6 Am. Jur. 2d Attachment and Garnishment§ 161 (collecting cases, and stating "[a] trustee who holds only the legal title to property but has no equitable interest in it has no interest in the property which may properly be subject to execution. Consequently, the property is not attachable or garnishable"); *see also Wieser v. Gustafson*, 61 N.Y.S.2d 246, 250 (N.Y. City Ct. 1946) (holding restraining notice inapplicable to funds held by judgment debtor for another "in a representative capacity, to wit, as treasurer, and not as an individual" because "as an agent or officer of [a third-party], [the debtor] was not and is not authorized to use that fund to pay his individual debts."); *Schneider v. Nat'l City Bank of N.Y.*,

180 Misc. 426, 429 (N.Y. Sup. Ct. 1943), *aff'd sub nom. Schneider v. Nat'l City Bank of New York*, 272 A.D. 1000, 73 N.Y.S.2d 836 (App. Div. 1947) (holding that money held by bondholders' fiscal agent was not subject to attachment because agent held funds in trust for payment of the bondholders).

15. PPAS objects to the Requests to the extent they call upon PPAS to take action other than a reasonable inquiry of those persons presently employed by PPAS and most likely to have knowledge or information responsive to the Requests.

16. No objection, response, or limitation, or lack thereof, made in any response or objection to the Requests shall be deemed an admission by PPAS as to the existence or nonexistence of documents or information.

17. PPAS reserves the right to object to the admissibility at trial of or any hearing in the underlying litigation or in any other action of any objection, answer, or response made herein; any documents or information provided by PPAS; or any testimony provided by PPAS. PPAS's objections, answers, and responses are not and shall not be deemed an admission or concession of the relevance of any request, or an admission as to the admissibility of any objections, answers, or responses in this action.

18. PPAS responds to the Subpoena as it interprets and understands it. If Plaintiff subsequently asserts an interpretation of any Request that differs from PPAS's understanding, PPAS reserves the right to supplement its Objections and Responses.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**

State the name and address of each person or entity that is indebted to Patriarch Partners Agency Services, LLC; and for each such person, state the nature and amount of the debt and the date(s) the debt arose.

**Response to Request No. 1:**

In addition to its General Objections, PPAS objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure.  PPAS further objects to this Request on the grounds that the inclusion of the phrase "nature . . . of the debt" renders the Request vague and ambiguous.  PPAS further objects to this Request on the grounds that it does not provide a date range for debts, rendering the Request overly broad, vague, ambiguous, unduly burdensome and not relevant to assisting Plaintiff in collecting a judgment in accordance with CPLR §§ 5223 and 5224(a)(3)(i).

Subject to and without waiving these objections, pursuant to the Protective Order, PPAS provides the requested information in Table 1 of Exhibit A.

**Request No. 2:**

Disclose all property, real and personal, which Patriarch Partners Agency Services, LLC owns or in which it has any other legal, equitable or future interest.  Include all: (1) checking, savings, money market or financial brokerage accounts, and for each such account indicate the name of the institution and the account number; (2) deposits and prepayments, including security deposits, utility deposits, and prepayments on any contract, lease, insurance policy, taxes or rent; (3) investments including interests in any LLC, partnership or joint venture; (4) office furniture, artwork, fixtures and equipment; (5) machinery, equipment and vehicles; (6) real property, whether owned or leased; (7) intangible property and intellectual property; and (8) tax refunds, interests in insurance policies or annuities and causes of action against third parties, whether or not a lawsuit has been filed.

**Response to Request No. 2:**

In addition to its General Objections, PPAS objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, common interest privilege, or any other applicable privileges, protections, doctrines, or immunities protecting information from disclosure. PPAS further objects to this Request on the ground that its use of the phrases "future interest" and "intangible interest" renders the Request vague and ambiguous. PPAS further objects to this Request on the ground that its demand for information concerning any "interests in . . . causes of action against third parties, whether or not a lawsuit has been filed" renders the Request overly broad, unduly burdensome, and not relevant to assisting Plaintiff in collecting a judgment in accordance with CPLR §§ 5223 and 5224(a)(3)(i).

Subject to and without waiving the above objections, pursuant to the Protective Order, PPAS states as follows:

(1)  **Bank Accounts**: PPAS has one bank account:

   Bank: Truist Bank
   Address: 214 N. Tryon Street Charlotte, NC 28202
   ABA #: 053101121
   Account #: ▮▮▮▮▮▮▮7669
   Account Holder: Patriarch Partners Agency Services, LLC

(2)  **Deposits**: PPAS's deposit balance with Truist Bank is $98,974.

(3)  **Investments**: None.

(4)  **Office fixtures**: None.

(5)  **Equipment**: None.

(6)  **Real property**: None.

(7)  **Intangible and intellectual property**: None.

(8) **Other property interests**:

    a. PPAS has a setoff counterclaim in *Dunn v. Patriarch Partners, LLC et al.*, Case No. 18-10512 (KBO), Adv. Pro. No. 20-50534 (KBO) (D. Del. Bankr.) that PPAS does not anticipate will result in an affirmative monetary recovery.

    b. PPAS has a claim for unpaid agency fees and expenses against the Zohar Funds (Zohar III Limited; Zohar II 2005-1 Limited; Zohar CDO 2003-1 Limited) in *Patriarch Partners Agency Services v. Zohar Funds and Alvarez & Marsal Zohar Management LLC*, 16-cv-04488 (S.D.N.Y).

    c. PPAS has filed a proof of claim against TransCare Corporation's bankruptcy estate, of which $568,199 (inclusive of post-petition fees) remains outstanding.

    d. PPAS has historically maintained commercial loss, automobile, commercial excess, and umbrella insurance policies that do not provide a potential source of recovery. *See* Table 2 of Exhibit A.

**Request No. 3:**

Identify each payment Patriarch Partners Agency Services, LLC made to any person from and after March 1, 2021; and for each, state the date and amount of the payment, the name and address of the transferee and the reason for payment.

**Response to Request No. 3:**

PPAS has made no payments "to any person from and after March 1, 2021."

Dated: May 12, 2025
New York, New York

Ronit Berkovich
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark A. Perry
Christopher Conrad
WEIL, GOTSHAL & MANGES LLP
2001 M St NW #600
Washington, D.C. 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940

*Counsel for Defendant Patriarch Partners Agency Services, LLC*

# Exhibit A

## Table 1: Debts to PPAS

| Entity | Nature and amount of the debt and the date(s) the debt arose |
|---|---|
| United Textile Machinery Corp., Inc. | In *United Textile Machinery Corp., Inc. v. Patriarch Partners Agency Services, LLC and Chace Street, Inc.*, Case No. 2173CV00758 (Mass. Sup. Ct.), a jury awarded PPAS damages in the amount of $92,444. Final judgment has not been entered, and a number of post-trial motions and claims remain pending: (1) United Textile Machinery Corp. Inc. moved for judgment notwithstanding the verdict on one of PPAS's counterclaims, which accounts for $87,344 of the jury's damages award; (2) PPAS has moved for an award of costs in the amount of $19,968; and (3) PPAS has a pending claim against United Textile Machinery Corp. Inc. under Mass. Gen. Law § 93A. |
| The Zohar Funds (Zohar III Limited; Zohar II 2005-1 Limited; Zohar CDO 2003-1 Limited) | PPAS is owed unpaid agency fees and expenses incurred under various credit agreements by borrowers that are in default. The credit agreements provide that in the event these fees and expenses are not paid by the borrowers, the lenders under the credit agreements are required to pay the fees according to their pro rata share of the debt. PPAS is seeking recovery of these amounts from the Zohar Funds as damages in the matter of *Patriarch Partners Agency Services v. Zohar Funds and Alvarez & Marsal Zohar Management LLC*, 16-cv-04488 (S.D.N.Y). The Zohar Funds have denied liability. |
| IMG Holdings, Inc. | IMG Holdings, Inc. currently owes $874,665 in unpaid agency fees and expenses to PPAS. |
| Snelling Staffing, LLC | Snelling Staffing, LLC currently owes $60,601 in unpaid agency fees and expenses to PPAS. |
| TransCare Corporation | PPAS has filed a proof of claim against TransCare Corporation's bankruptcy estate, of which $568,199 (inclusive of post-petition attorneys' fees and agency fees) remains outstanding. |

**Table 2: PPAS Insurance Policies**

| Insurer | Policy | Policy Number | Coverage Amount | Policy Years |
|---|---|---|---|---|
| Great Northern Insurance Co. | Commercial Loss | 35970846 | Personal Property: $1.2mm<br><br>Business Income: $50,000<br><br>General Liability: $2mm<br><br>Employee Benefits $1mm | 2016/2017; 2017/2018; 2018/2019; 2019/2020; 2020/2021; 2021/2022; 2022/2023; 2023/2024; 2024/2025 |
| Great Northern Insurance Co. | Auto | 73589156 | $1mm | 2016/2017; 2017/2018; 2018/2019; 2019/2020; 2020/2021; 2021/2022; 2022/2023; 2023/2024; 2024/2025 |
| Chubb Indemnity Ins. Co. | Commercial Excess | 71740640 | Statutory Limits; Employee Liability: $1mm | 2016/2017; 2017/2018; 2018/2019; 2019/2020; 2020/2021; 2021/2022; 2022/2023; 2023/2024; 2024/2025 |
| Federal Insurance Co. | Umbrella | 79875490 | $10mm | 2016/2017; 2017/2018; 2018/2019; 2019/2020; 2020/2021; 2021/2022; 2022/2023; 2023/2024; 2024/2025 |

## VERIFICATION

I affirm this 12th day of May 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that Patriarch Partners Agency Services, LLC is the recipient of an information subpoena herein and of a copy and original of the above written questions together with a prepaid, addressed return envelope, that the foregoing answers to the above written questions are true and complete, and I understand that this document may be filed in an action or proceeding in a court of law.

Patriarch Partners Agency Services, LLC

_____
Name: Robert Klugman
Title: Vice President, Corporate

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May 2025, I caused a true and correct copy of the foregoing to be served upon the Chapter 7 Trustee's counsel by email.

*Mark A. Perry*
Mark A. Perry